MEYERS, APPELLANT, *v.* RAMADA INN OF COLUMBUS, APPELLEE.

(No. 83AP-865—Decided
March 15, 1984.)

*Michael F. Colley Co., L.P.A.,* and
*Mr. Dana A. Deshler,* for appellant.

*Messrs. Lane, Alton & Horst, Mr. Jack R. Alton* and *Mr. Theodore M. Munsell,* for appellee.

McCORMAC, P.J. Plaintiff-appellant, Delilah Meyers, has appealed the summary judgment granted defendant-appellee, Ramada Inn of Columbus, asserting the following assignments of error:

"1. The trial court erred in sustaining defendant's motion for summary judgment when ruling that the plaintiff produced no evidence indicating any knowledge on the part of defendant or that defendant had a reason to know of the violent tendencies of the assailant, as disputed questions of fact in the record exist on such issue.

"2. Even assuming plaintiff's lack of knowledge, the trial court erred in sustaining defendant's motion for summary judgment by failing to recognize a standard of care which considers whether the defendant conducted its security measures as a reasonably prudent innkeeper."

Plaintiff sued Ramada Inn, alleging that she was assaulted and injured as a result of defendant's inadequate security on its premises while she was a business invitee at their motel located at 1213 East Dublin-Granville Road. Defendant answered, denying negligence.

Defendant moved for summary judgment contending that there was no genuine issue of material fact that the assault upon plaintiff was a criminal and intentional act by a third party for which defendant had no legal liability. Defendant's motion for summary judgment was supported by the affidavit of Jeff Polhemus, the food and beverage manager at Ramada Inn, who stated that the attack of plaintiff by the assailant, Jeffrey Kelly, came as a complete surprise to him; that Kelly had never been either an agent or an employee of Ramada Inn; and that no one connected with the motel had any knowledge or forewarning of the attack, or Kelly's propensity to do so.

Plaintiff opposed the motion for summary judgment by submitting the deposition of Polhemus, which stated that Kelly had patronized the game room or other facilities at the motel several times during the two or three weeks preceding the attack, but that there was nothing to indicate any reason to take special precautions with him to avoid what occurred. Plaintiff also submitted a part of the deposition of plaintiff, pertinent of which was an alleged statement by Polhemus in the presence of Mr. Madden, the assistant manager of the motel, to plaintiff that Kelly had been loitering around the motel and had approached them several times for a job, but that he had not hired him because he "felt very uncomfortable about this young man; there was something about him that scared him and that was why he chose to never hire him." Madden

allegedly also commented about Kelly that he knew this kid was up to no good.

The trial court found that, after construing the evidence produced on summary judgment most favorably to plaintiff, there was no basis to find that defendant knew, or should have known, of the dangerous propensity of her assailant and hence, rendered summary judgment for defendant.

Plaintiff concedes that an innkeeper is not an insurer of the safety of its patrons. When a plaintiff-victim seeks to be compensated by the innkeeper as a result of an intentional attack or assault by a third person, the burden is ordinarily upon plaintiff to establish that the innkeeper knew, or should have known, about the assailant's dangerous propensity and/or the innkeeper knew, or should have known, that the attack upon plaintiff was imminent. *Palmer* v. *Holthaus* (1969), 20 Ohio App. 2d 78 [49 O.O.2d 92].

At most, the evidence at summary judgment showed that defendant had only a vague or unsubstantiated concern or suspicion about the character of plaintiff's assailant. Defendant's employees had never observed the assailant do anything improper in their motel. He had obeyed requests made of him without animosity. He had not been seen carrying any weapons, nor had he been observed making any type of threatening or improper advances upon patrons of the motel. The mere fact that there may be some subjective concerns about an individual on the part of the manager of a motel, so that the manager would not hire the person as an employee, does not give rise to an additional duty to a patron of the motel to provide further security measures to protect against some speculative possibility of wrongful action by that person towards a guest of the motel. Thus, the trial court properly found that, construing the evidence most strongly in favor of plaintiff, defendant had no reason to know of the violent tendencies of the assailant or that he might commit an attack upon one of defendant's customers.

Plaintiff's first assignment of error is overruled.

Plaintiff secondly asserts that the law of Ohio should be changed to make an innkeeper liable for attacks of its patrons by a third party according to the particular circumstances and location of the motel rather than basing liability solely upon defendant's knowledge of the criminal tendencies of a particular assailant.

Under present Ohio law, a motel must conform to a standard of ordinary care in providing security for its guests. If there are special circumstances shown, such as previous assaults in the motel, or that the motel is located in a high crime area, ordinary care may require additional security measures which might have protected plaintiff who was assaulted in a second floor hallway at the entrance of her room. Those security devices could include additional security persons or closed-circuit television monitoring the area. However, in this instance, no special circumstances have been alleged or shown that would call for security measures on the second floor of the motel in the hallway leading to guests' rooms that might arguably have provided security to plaintiff to prevent the assault that took place. Thus, the trial court did not err in holding that there was no genuine issue of fact to submit to a jury as to whether defendant was negligent in failing to use ordinary care to protect plaintiff against an unanticipated assault by a third party.

Plaintiff's second assignment of error is overruled.

Plaintiff's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and MOYER, JJ., concur.