McKEE et al., Appellants,

v.

GILG et al.; Columbus Baseball Team, Inc., d.b.a. Columbus Clippers, Appellees.

[Cite as *McKee v. Gilg* (1994), 96 Ohio App.3d 764.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE04–491.

Decided Sept. 8, 1994.

*Patterson, Rouch & Lease* and *Charles Lease,* for appellants.

*Hamilton, Kramer, Myers & Cheek* and *George Lyons,* for George Place.

*Hammond & Willard* and *Eric Hershberger,* for David Gilg.

*Isaac, Brant, Ledman & Teetor* and *Timothy Miller,* for appellee Columbus Clippers.

---

CLOSE, Judge.

Plaintiffs-appellants, David W. McKee and Roland D. McKee, bring this appeal from the judgment of the Franklin County Court of Common Pleas, awarding summary judgment in favor of defendant-appellee, Columbus Baseball Team, Inc., d.b.a. Columbus Clippers ("Clippers").

On May 1, 1992, appellant, David McKee, attended a Clippers baseball game at Cooper Stadium. McKee was accompanied by his father, Roland, his mother and his young children. David Gilg and George Place, who were named as defendants in appellants' complaint, arrived during the second inning of the game and took their seats two rows behind appellants. During the course of the game, Gilg and Place allegedly became intoxicated and began swearing. When appellant requested that they refrain from cursing, Gilg and Place responded that, if appellant didn't like it, he "would have a problem at the end of the game."

When the game was over, appellants left their seats and proceeded up the aisle where they were confronted by Gilg and Place. The parties exchanged strong words which escalated into a physical assault when Gilg struck David McKee. The testimony indicated that, after that initial contact, some yelling and pushing occurred and continued into the stadium parking lot. In the parking lot, Gilg struck appellant again. That second punch was witnessed by a Franklin County Deputy Sheriff Keenan, who intervened and arrested Gilg and Place.

On June 15, 1992, appellants filed their complaint against Gilg, Place and the Clippers for damages arising out of the assaults. With regard to the claims against the Clippers, appellants' amended complaint dated January 8, 1993, charged the Clippers with negligent failure to employ sufficient security at the stadium and failure to properly position the security that was present.

On June 1, 1993, the Clippers filed a motion for summary judgment. The basis for that motion was appellants' failure to make a threshold showing that appellee owed a duty to protect against the intentional criminal acts of third parties in the absence of a history of criminal conduct on the premises. By its decision dated March 9, 1994, the trial court sustained appellee's motion for summary judgment.

It is from that decision that appellants now appeal, raising the following assignments of error:

"I.   The trial court erred in granting defendant-appellee Columbus Baseball Team, Inc.'s motion for summary judgment because the facts before the court created several genuine issues of material facts to be decided.

"II.   The trial court erred by applying the inappropriate legal standard to the facts before it."

In the instant appeal, the sole issue for determination is the propriety of the trial court's dismissal upon appellee's motion for summary judgment.   In considering a motion for summary judgment, the trial court is held to the standard set forth in Civ.R. 56(C), which provides, in pertinent part:

" 'A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.   * * * ' " *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 103, 590 N.E.2d 421, 424.

It is well recognized that summary judgment replaces a trial on the merits and, as such, is not proper where there are genuine issues of material fact.   To establish the existence of such issues, the nonmoving party must do more than merely deny the contents of a summary judgment motion.   Rather, that party is required to affirmatively demonstrate those facts which entitle him to relief. *Baughn v. Reynoldsburg* (1992), 78 Ohio App.3d 561, 563, 605 N.E.2d 478, 480, construing *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

In reviewing the trial court's decision, we note that actionable negligence requires the showing of a duty, the breach of that duty, and damages proximately resulting therefrom.   *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616.   Therefore, our discussion begins with an analysis as to whether appellants evidenced a duty on the part of appellee to provide protection from the criminal acts of third parties.

As a general rule, an owner or occupier of land is shielded from liability for injuries caused by the criminal conduct of a third person.   This preclusion is based on the premise that criminal behavior is an unforeseeable, intervening act which breaks the causal link between the owner or occupier and any injury suffered by an invitee.   In *King v. Lindsay* (1993), 87 Ohio App.3d 383, 387, 622 N.E.2d 396, 399, this court stated that, when liability is asserted against a landowner for the criminal acts of third parties, " 'the burden is ordinarily upon plaintiff to establish that the [owner] knew, or should have known, about the

assailant's dangerous propensity and/or the [owner] knew, or should have known, that the attack upon plaintiff was imminent.' " *Id.,* citing *Meyers v. Ramada Inn* (1984), 14 Ohio App.3d 311, 14 OBR 377, 471 N.E.2d 176. However, where land is held open to the public for business purposes, liability may attach for harm caused an invitee by the conduct of a third person that endangers the safety of such invitee. *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 249 N.E.2d 804, paragraph one of the syllabus.

This does not render a landowner the insurer of an invitee's safety while the invitee is on the premises. *Id.,* paragraph two of the syllabus. Rather, liability attaches only to the extent it would if the invitee were injured by a dangerous condition on the land. Thus, the duty to protect against the criminal acts of third parties arises only if the business knows, or should have known, in the exercise of ordinary care, of the danger which caused injury to the invitee. *Id.,* paragraph three of the syllabus. Therefore, in order to hold appellee liable for the harm sustained by appellant, such harm must have been foreseeable. *Jeffers.*

A foreseeable act is that which a reasonably prudent person should anticipate. In the case of criminal acts perpetrated on invitees, foreseeability depends upon the knowledge of the landowner. While Ohio has no definitive standard by which to measure a landowner's knowledge, *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188, 583 N.E.2d 1071, one acceptable method is to focus solely on prior similar acts. *Howard;* see, also, *Montgomery v. Young Men's Christian Assn. of Cincinnati & Hamilton Cty.* (1987), 40 Ohio App.3d 56, 531 N.E.2d 731; *Hickman v. Warehouse Beer Sys., Inc.* (1993), 86 Ohio App.3d 271, 620 N.E.2d 949. Certainly, the commission of past acts, exactly like those giving rise to a present action, makes the recurrence of such acts a foreseeable threat which an owner or occupier should guard against.

A second acceptable method adopted by some Ohio courts is a "totality of the circumstances" test. *Reitz, King,* and *Meyers, supra.* Under this standard, the question is whether, absent special circumstances, the landowner conformed to a standard of ordinary care in providing security. The courts are largely split as to which standard to employ. However, our review of the instant case indicates that, under either standard, appellants failed to present the trial court with evidence that appellee knew, or should have reasonably anticipated, the assaults committed against appellants.

The record contains no evidence that any prior similar incident has ever occurred in Cooper Stadium. Deputy Keenan testified that he has worked "special duty" at the Clippers games for three years. During those three years, Keenan estimated that he has attended over seventy games, and stated that at no

time had he ever witnessed an assault or similar disturbance on the premises. Additional stadium personnel likewise testified that they knew of no fights ever occurring at a Clippers game. Further, the deposition testimony of appellant, himself, revealed that he had attended approximately twenty Clippers games in the past, that he had never seen a fight at any of those games, and that he generally felt the stadium security to be adequate.

On May 1, 1992, stadium security was the same as that provided for Clippers games in the past. This evidence, coupled with the absence of any prior assaults, created the reasonable presumption that the security provided by appellee was generally adequate in protecting against the type of conduct giving rise to this underlying action.

On the night at issue, the Clippers employed ten Franklin County Deputy Sheriffs, a police dog, fourteen office personnel, and eleven ushers. As usual, a number of deputies and ushers moved into the parking area after the eighth inning to assist in the direction of traffic. This system had worked in the past without incident. Appellants presented no evidence to indicate that appellee possessed any knowledge which would have led a reasonable person to alter the deployment of security. Specifically, appellants failed to show that appellee either knew of, or should have reasonably anticipated, the altercation between the parties.

We find it significant that, despite the continued threats directed at appellants throughout the game, appellants failed to alert security personnel of any impending danger. By his own testimony, appellant indicated that he had the opportunity to report the problem but that he failed to do so because he thought he could handle it himself. Additionally, we note that the discussion between appellants and the assailants took place over a distance of two rows. Despite the short distance, appellants assert that loud arguing and cursing occurred, which should have alerted security to the danger. However, appellants have failed to present any specific evidence that a member of the security personnel heard or witnessed this behavior.

In light of both the absence of prior similar acts and the totality of the evidence before the trial court, the award of summary judgment in favor of appellee was not an abuse of discretion. Appellants' first assignment of error is overruled.

By their second assignment of error, appellants assert that the trial court mischaracterized their cause of action as "lack of adequate security," and, therefore, applied the improper legal standard in reaching its decision. Upon review of the record, however, we are convinced that the trial court properly recognized the basis of appellants' claim as a negligence action. In considering this claim, the record indicates that the trial court properly considered the elements of negligence under the appropriate standard of care. Having found no

duty on the part of appellee to protect against the criminal acts of third persons, the trial court properly found that the requisite elements of negligence had not been met. Accordingly, appellants' second assignment of error is overruled.

For the foregoing reasons, appellants' assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.