Plaintiff-appellant Mark Blaser has appealed from a judgment of the Lorain County Common Pleas Court that granted summary judgment to defendant-appellees bw-3, Raj Patel, Raj Patel Enterprises Incorporated, and Nashville Productions Incorporated. He has argued that defendants' motion for summary judgment should not have been granted because they failed to demonstrate an absence of a genuine issue of material fact regarding the claims against them. This Court affirms the judgment of the trial court.
 I.
On August 10, 1995, plaintiff sustained injuries in a fight with Steven Hurt, who was an employee of the bw-3 restaurant in North Ridgeville, Ohio. The incident occurred just outside that restaurant. At the time, plaintiff and Mr. Hurt lived on the same street. The day before the fight, plaintiff's family argued with Mr. Hurt's family. Apparently, plaintiff's father was angry because Mr. Hurt had been driving his car down the street too fast. Plaintiff claimed that Mr. Hurt had shoved him during that argument.
The next day, plaintiff and several of his friends went to the restaurant. Mr. Hurt worked there as a "bouncer" and was on duty that night. Plaintiff and Mr. Hurt each claimed that the other made gestures and suggested that they fight throughout the evening. That fight eventually occurred. According to plaintiff, Mr. Hurt followed him outside and started the fight by striking him in the jaw. Mr. Hurt claimed that, although he did hit plaintiff first, plaintiff was about to throw a punch. Plaintiff sustained a broken jaw and a bite on his abdomen.
Plaintiff filed suit against Mr. Hurt and defendants in Lorain County Common Pleas Court.[1] He voluntarily dismissed that complaint without prejudice, but re-filed it on May 13, 1997. Plaintiff asserted assault and battery claims against Mr. Hurt. He also asserted three causes of action against defendants, claiming: (1) that defendants were liable for Mr. Hurt's actions based on the doctrine of respondeat superior; (2) that defendants were liable for Mr. Hurt's actions because they had negligently hired him; and (3) that defendants were liable for Mr. Hurt's actions because they negligently failed to provide a safe environment for plaintiff as a paying customer, and invitee, of the restaurant.
After discovery and the filing of depositions, defendants moved for summary judgment. Plaintiff responded. On February 12, 1998, the trial court granted defendants summary judgment. Because plaintiff's claims against Mr. Hurt remained pending, however, the trial court issued a nunc pro tunc entry on February 17, 1998, finding that there was no just reason for delay, pursuant to Rule 54(B) of the Ohio Rules of Civil Procedure. From that entry, plaintiff timely appealed to this Court.
 II. The trial court erred to the prejudice of [plaintiff] by granting the motion for summary judgment filed by [defendants], bw-3, Raj Patel, Raj Patel Enterprises Inc., and Nashville Productions, Inc.
Plaintiff has argued that the trial court improperly granted summary judgment to defendants. Plaintiff's complaint alleged three causes of action against defendants. He asserted that defendants were liable based on: (1) respondeat superior; (2) their negligent hiring of Mr. Hurt; and (3) their failure to provide a safe environment for an invitee. By their motion for summary judgment, defendants claimed that plaintiff had failed to demonstrate all of the elements to support a cause of action based on any of those theories.
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In Dresher v. Burt
(1996), 75 Ohio St.3d 280, the Ohio Supreme Court, citing its previous decision in Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, outlined the respective burdens upon the moving and nonmoving parties in the context of a motion for summary judgment pursuant to Rule 56 of the Ohio Rules of Civil Procedure:
 [W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot simply discharge its initial burden under [Rule] 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in [Rule] 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in [Rule] 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
 The foregoing principles have been firmly established in Ohio jurisprudence for some time.
Dresher, 75 Ohio St.3d at 293-294. (Emphasis sic.) The court then went on to limit the third paragraph of the syllabus of Wingv. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, to conform to the above requirements. Dresher, supra.
These principles were reaffirmed in Vahila v. Hall (1997),77 Ohio St.3d 421, 430:
 As explained in Mitseff (and more recently in Dresher), bare allegations by the moving party are simply not enough. The party seeking summary judgment always bears the initial responsibility of [1] informing the court of the basis for the motion and [2] identifying those portions of the record which support his or her claim. Then, and only then, is the initial burden discharged, requiring the nonmoving party to comply with [Rule] 56(E).
(Emphasis sic.) Thus, unless the movant fulfills both prongs of the Dresher duty, the motion for summary judgment must be denied. The moving party is required to state the basis for his motion and then point to "pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any" that support the motion. Rule 56(C) of the Ohio Rules of Civil Procedure. Merely alleging that a nonmoving party lacks evidence does not satisfy that obligation. Unless and until that burden is met, the nonmovant is under no corresponding duty, and the motion must be denied. "[A] movant's conclusory assertions of no evidence against the nonmovant is [sic.] no longer good enough in Ohio." American Express Travel Related Serv. Co., Inc. v.Mandilakis (1996), 111 Ohio App.3d 160, 164. Further, assuming that the movant satisfies his burden, the nonmovant must then present or point out evidence that satisfies his reciprocal burden to demonstrate the existence of a material factual dispute.
Application of Dresher to Defendants' Motion.
 Plaintiff's complaint asserted that defendants were liable for the actions of Mr. Hurt based on the doctrine of respondeat superior, based on their negligent hiring of Mr. Hurt, and based on the duty of care that they owed plaintiff as landowners. Defendants argued that plaintiff could not prove every element necessary to support any claim. This Court will analyze the evidence submitted by defendants in support of their motion on each claim.
 A. Respondeat Superior.
"[T]o establish a claim under the doctrine of respondeatsuperior, it must be demonstrated [(1)] that a principal-agent relationship existed and [(2)] that the tortious conduct was committed by the agent while in the scope of his agency." Kuhn v.Youlten (1997), 118 Ohio App.3d 168, 176, citing Baird v. Sickler
(1982), 69 Ohio St.2d 652. If the tort consisted of a willful and malicious act, then it is generally not considered within the scope of employment. Finley v. Schuett (1982), 8 Ohio App.3d 38,39. For that type of act to be within the scope of employment, the behavior giving rise to the tort must have been "`calculated to facilitate or promote the business for which the [employee] was employed.'" Osborne v. Lyles (1992), 63 Ohio St.3d 326, 329, quoting Byrd v. Farber (1991), 57 Ohio St.3d 56, 58. Defendants were entitled to summary judgment, therefore, if they demonstrated that Mr. Hurt's alleged battery against plaintiff did not facilitate or promote their business activities. See Gebhart v.College of Mt. St. Joseph (1995), 106 Ohio App.3d 1, 4.
Defendants pointed to depositions by plaintiff and Mr. Hurt, in which each admitted that their families had argued the previous day. According to plaintiff, his father was angry because Mr. Hurt had been driving his car too fast down the street. Plaintiff claimed that, before the fight occurred at the restaurant, Mr. Hurt suggested that the two fight. Plaintiff also claimed that, as he was leaving, Mr. Hurt allegedly called his name and followed him outside. Once outside, plaintiff claimed that Mr. Hurt attacked him. Mr. Hurt's version differed from plaintiff's version, claiming that plaintiff had initiated the fight and had asked him to step outside. According to Mr. Hurt, he went outside merely to talk with plaintiff but that plaintiff then drew his arm back as if to throw a punch. Mr. Hurt claimed that, at that point, he then punched plaintiff.
Defendants showed that, during the attack that resulted in plaintiff's injuries, Mr. Hurt was acting for his own purposes and, as a result, was not promoting or facilitating the business of defendants. Construing the evidence in a light most favorable to plaintiff, the non-moving party, the fight occurred because plaintiff and Mr. Hurt were continuing the dispute between their families that had occurred the day before. The fact that the fight occurred at or near the restaurant does not automatically raise an inference that Mr. Hurt was promoting or facilitating the business of defendants. Indeed, an opposite inference is raised because an intentional and willful attack committed by an employee, "to vent his own spleen or malevolence against the injured person," is a departure from his employment, and his employer is not responsible for that attack. Osborne,63 Ohio St.3d at 329.
Defendants, therefore, showed that no material issue existed concerning the cause of the fight. Mr. Hurt was not acting to promote or facilitate their business. Absent an adequate rebuttal by plaintiff demonstrating a material dispute of fact, they were entitled to summary judgment on plaintiff's respondeat superior
claim.
 Negligent Hiring. To establish a claim for negligent hiring, "a plaintiff must establish, at a minimum, that the employer knew, or should have known, of the employee's criminal or tortious propensities." Kuhn v. Youlten (1997), 118 Ohio App.3d 168, 176. See, also, Evans v. Ohio State University (1996), 112 Ohio App.3d 724, 739. Defendants pointed to deposition testimony in which the owner of the restaurant stated that Mr. Hurt was an excellent employee. Specifically, the owner stated that Mr. Hurt had a "clean record" and that there had been no complaints concerning Mr. Hurt's employment. That evidence was sufficient to demonstrate that defendants had no knowledge that Mr. Hurt had a propensity to attack others. They showed, therefore, that plaintiff could not sustain his negligent hiring claim. Absent an adequate rebuttal by plaintiff on that issue, they were entitled to summary judgment on plaintiff's negligent hiring claim.
 Premises Liability. When land is held open to the public for business purposes, liability may attach to the landowner for harm caused an invitee by the conduct of a third person who endangers the safety of the invitee. McKee v. Gilg (1994), 96 Ohio App.3d 764, 767. This rule does not make a landowner an insurer of an invitee's safety while the invitee is on the premises. Id. Rather, a landowner has a duty to protect a business invitee from the criminal acts of third persons if the landowner knows, or should have known, in the exercise of ordinary care, of the danger posed to the invitee. Id.
Defendants first pointed to plaintiff's deposition testimony in which he claimed that the attack occurred on the "sidewalk" outside the restaurant. Defendants have argued that plaintiff's admission demonstrated that the attack took place on land that they did not own and that, consequently, they could not be held liable for Mr. Hurt's attack. See Wireman v. Keneco Distributors,Inc. (1996), 75 Ohio St.3d 103, 108 ("to have a duty to keep premises safe for others one must be in possession and control of the premises"). Defendants' evidence was sufficient to shift the burden to plaintiff and to require plaintiff to demonstrate that the incident did take place in an area that defendants possessed or controlled. Unless plaintiff adequately offered such rebuttal evidence, defendants were entitled to summary judgment on plaintiff's premises liability claim.
In addition, defendants also argued that they had no knowledge that Mr. Hurt was going to assault plaintiff and that, consequently, they could not be held liable for the assault. SeeWalworth v. BP Oil Co. (1996), 112 Ohio App.3d 340, 348-349
(discussing concept of foreseeability of criminal acts in a plaintiff's premises liability claim). As discussed in relation to plaintiff's negligent hiring claim, defendants had no knowledge of a criminal or tortious propensity of Mr. Hurt to attack patrons. Furthermore, plaintiff claimed during deposition that no one else in the restaurant noticed that he and Mr. Hurt exchanged words. Defendants demonstrated that, even if they possessed and controlled the sidewalk outside the restaurant, they had no duty to protect plaintiff from the self-serving attack by Mr. Hurt.
 Plaintiff's Attempts to Demonstrate a Genuine Issue of Material Fact. Following defendants' motion for summary judgment, plaintiff was obligated to demonstrate the existence of a genuine issue of material fact such that summary judgment would have been improper in this case. This Court will discuss the evidence that plaintiff pointed to in the record regarding each of his claims against defendants.
 A. Respondeat Superior.
Plaintiff, in his response to defendants' motion for summary judgment, was required to demonstrate how Mr. Hurt's action was within the scope of his employment. First, plaintiff argued that the trier of fact is the proper body to determine whether an employee is acting within the scope of his employment. However, when reasonable minds could come to only one conclusion, then the issue is a question of law. Osborne, 63 Ohio St.3d at 330.
Next, plaintiff argued that Mr. Hurt's duties as a "bouncer" included controlling the crowd to maintain order in the restaurant and that, when Mr. Hurt struck him, Mr. Hurt was acting within the scope of those duties. Plaintiff was required to point to some evidence in the record demonstrating a material dispute concerning whether Mr. Hurt was acting within his duties as a bouncer, from which a jury may infer that he was acting within the scope of his employment. He failed to demonstrate, however, that either he or his friends had acted in a disruptive manner such that Mr. Hurt needed to act in his "bouncer" capacity to maintain order. Had plaintiff demonstrated that he had been boisterous, or otherwise had caused a disturbance during that evening, then perhaps this Court would conclude that he had demonstrated a genuine issue of material fact regarding whether Mr. Hurt was acting within the scope of his employment. Absent that evidence, however, this Court concludes that Mr. Hurt was not acting in a "bouncer" capacity when he attacked plaintiff.
Plaintiff also pointed to testimony by Mr. Hurt that he did not know when he went outside with plaintiff whether plaintiff was angry with him personally or angry with him as an employee of the restaurant. Plaintiff argued that Mr. Hurt's testimony demonstrated that the fight may have occurred because it related to Mr. Hurt as an employee and that, consequently, an inference may be raised that Mr. Hurt was acting within his scope of his employment. This Court disagrees with plaintiff's argument. To rebut defendants' showing that Mr. Hurt did not act within the scope of his employment, plaintiff was required to point to some evidence to create a dispute concerning the scope of Mr. Hurt's employment. Mr. Hurt's subjective beliefs are irrelevant to that issue. The relevant inquiry is whether Mr. Hurt was acting within the scope of his employment, not whether he believed that he was acting within that scope. Furthermore, even if Mr. Hurt's thoughts were relevant, he did not state that he believed plaintiff's problem related to him as an employee. Rather, he stated only that he did not know the reason that plaintiff wished to see him outside. Those thoughts did not demonstrate a genuine issue of material fact regarding the scope of his employment.
Finally, plaintiff argued that defendants ratified Mr. Hurt's action. A plaintiff may show ratification when an employee's actions were not within the scope of employment, thereby holding the employer liable for the employee's actions. See Kuhn v.Youlten (1997), 118 Ohio App.3d 168, 177-178; see, also, Fulwilerv. Schneider (1995), 104 Ohio App.3d 398, 406. Plaintiff, however, pointed to only two facts to demonstrate ratification. He argued that, according to Mr. Hurt's testimony, the restaurant continued to employ Mr. Hurt and failed to discipline him following the incident. The continued employment of an individual who committed an intentional tort, however, does not constitute ratification. Fulwiler, supra, at 407. Further, plaintiff failed to cite any authority that would require defendants to discipline him in this situation. Under the facts of this case, this Court concludes that defendants had no such duty.
Plaintiff has failed to demonstrate that any of the defendants in this case ratified the actions of Mr. Hurt. He could not, therefore, state a claim against defendants to recover for the damages inflicted by Mr. Hurt's attack based on respondeatsuperior. The trial court did not err, therefore, when it granted summary judgment to defendants on that claim.
 Negligent Hiring. Plaintiff failed to even attempt to rebut defendants' showing on the negligent hiring claim. He did not cite to any part of the record that would have demonstrated a genuine issue of material fact regarding that claim. Because this Court has already concluded that defendants met their burden and demonstrated the absence of a genuine issue of material fact concerning that issue, the trial court's granting of summary judgment to them was not error.
 C. Premises Liability.
Finally, plaintiff attempted to demonstrate that a genuine issue of material fact existed regarding his claim based on premises liability.[2] He argued that, because words and gestures were exchanged before the fight, "[t]he fact that some problem existed between [plaintiff and Mr. Hurt] was apparent to other employees of [the restaurant]." Plaintiff, however, failed to point to any evidence in the record to demonstrate his claims that other employees witnessed the exchanges between plaintiff and Mr. Hurt and understood that those exchanges would come to violence. Plaintiff admitted during his deposition that no one else witnessed anything in the restaurant that might have indicated that Mr. Hurt was going to attack him. The trial court, therefore, did not err when it awarded summary judgment to defendants on plaintiff's claim based on premises liability.
 III.
Defendants carried their burden under Dresher for each of plaintiff's causes of action. Plaintiff failed to carry his reciprocal burden and demonstrate that a genuine issue of material fact existed such that summary judgment was not appropriate. Defendants, therefore, should have been granted summary judgment. The trial court did not err by doing so. Plaintiff's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
 We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
SLABY, P. J.
CARR, J.
CONCUR
[1] Defendants are the bw-3 restaurant, its owner, the corporation that operates the restaurant, and the holder of the liquor permit license for the restaurant.
[2] Plaintiff failed to address whether defendants possessed or controlled the "sidewalk" outside the restaurant, where the fight took place. Because this Court has concluded that defendants demonstrated the absence of a genuine issue of material fact regarding the possession and control of the "sidewalk," and because plaintiff failed to attempt to rebut that showing, defendants were entitled to summary judgment on that basis alone.