TAYLOR ET AL., APPELLANTS, *v.* DIXON ET AL., APPELLEES.

(No. 82AP-188—Decided November 30, 1982.)

*Mr. Robert C. Paxton II,* for appellants.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Thomas A. Young, Mr. Mason Evans IV* and *Mr. Michael J. Rourke,* for appellee Lawson Milk Co., Inc.

MOYER, J. This matter is before us on plaintiffs-appellants' appeal from a judgment of the Court of Common Pleas of Franklin County sustaining a motion for summary judgment filed by defendant-appellee Lawson Milk Company, Inc.

Plaintiff Gerald F. Taylor was injured when he walked into a Lawson's store on Parsons Avenue during a robbery and was shot by defendant-appellee Robert A. Dixon ("Dixon"). Plaintiff and his wife, Deloris, sued the Lawson Milk Company ("defendant") and Dixon claiming defendant negligently failed to maintain a safe premises for its business invitees by failing to warn plaintiff that a robbery was in progress and claiming that defendant's negligence was the proximate cause of plaintiff's injuries. Defendant argued in support of its motion for summary judgment that it had no duty to warn plaintiff of a robbery in progress, that no duty owed to plaintiff had been breached by defendant, and that any breach of duty by defendant was not the proximate cause of plaintiff's injuries.

The trial court sustained defendant's motion for summary judgment, finding that there were no genuine issues of material fact and that defendant did not owe a duty to plaintiffs under the facts presented. The trial court granted a default judgment on the issue of liability against defendant Dixon who had been convicted of the robbery on a guilty plea. The judgment against Dixon is not an issue in this appeal.

Plaintiffs amended their complaint once by right and requested leave to amend once before the trial court entered judgment against them. After the trial court sustained defendant's motion for summary judgment, plaintiffs filed several motions asking for leave to amend

their complaint, for the trial court to reconsider its decision, for clarification of the judgment, for a continuance, and for the trial court to take judicial notice of several cases cited by the parties in their briefs and memoranda. The trial court agreed to take judicial notice of the cases but overruled plaintiffs' other motions.

Plaintiffs assert the following five assignments of error in support of their appeal:

1. "The trial court committed error in sustaining appellee's motion for summary judgment and thus taking from the appellants their day in court and presentation of their case to an impartial trier of fact."

2. "The trial court committed reversable [sic] error in failing to consider the facts alleged in appellants' amended complaint filed on January 8, 1982, the court refusing to consider the amended complaint based on its decision granting appellee summary judgment."

3. "The trial court erred in failing to reconsider its decision granting appellee a motion for summary judgment based on the memorandum and affidavits filed by appellants."

4. "The trial court erred in failing to allow appellants' amended complaint filed subsequent to the judgment entry of February 10, 1982."

5. "The trial court committed prejudicial error in failing to rule on appellants' motion to amend the complaint filed on February 24, 1982 prior to losing jurisdiction to the court of appeals on March 8, 1982."

Under Civ. R. 56(C), a trial court may enter a summary judgment if the pleadings and supporting documents "* * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" and that reasonable minds can only conclude that the party filing the motion for summary judgment is entitled to a judgment. The plaintiffs argue that, since they denied each of defendant's statements, each material fact was at issue and summary judgment was, therefore, improperly entered. Yet, even construing all of the facts most strongly against defendant, summary judgment for defendant was properly entered if the applicable law does not support plaintiffs' cause of action.

In order to recover on a negligence claim, plaintiffs must demonstrate that defendant owed them a duty, that the duty was breached, and that defendant's breach was the proximate cause of plaintiff's injuries. *Bennison* v. *Stillpass Transit Co.* (1966), 5 Ohio St. 2d 122 [34 O.O.2d 254], paragraph one of the syllabus. Defendant has argued that plaintiffs have not met their burden of proving even one of the three elements. Because the trial court's judgment was based on the first of the three elements and plaintiffs must prove all three elements in order to recover, we will focus on the first and most difficult element — whether defendant owed a duty to plaintiffs.

Plaintiffs and defendant have cited several cases to support their arguments that a duty either does or does not exist under the facts of this case. Four of the cases cited by the parties are particularly instructive on the question of whether defendant owed plaintiffs a duty. The first is *Howard* v. *Rogers* (1969), 19 Ohio St. 2d 42 [48 O.O.2d 52]. In *Howard*, plaintiff was injured when a fight broke out at a teenage dance sponsored by defendants. The Ohio Supreme Court held that, although the occupier of premises may be liable to a business invitee for harm caused by third persons, the occupier is not liable for damages which it "does not, and could not in the exercise of ordinary care, know of." *Howard, supra,* at 47. The Hamilton County Court of Appeals, in *Townsley* v. *Cincinnati Gardens, Inc.* (1974), 39 Ohio App. 2d 5 [68 O.O.2d 72], also held that an occupier of premises is not liable to a business invitee for dangers which the occupier did not know

of and could not reasonably have anticipated.

In the case at bar, plaintiffs argue that since defendant's Parsons Avenue store had been robbed seven times in four years, defendant should have known that the store was reasonably likely to be robbed again, and that defendant should have taken such precautionary measures as providing an unobstructed view of the inside of the store through the front windows, constructing electronic devices such as horns, neon lights or other noise makers to advise potential patrons to stay away from the premises when a robbery was in progress and other preventive measures.

Defendant argues that, even if it could have anticipated an eighth robbery, since no one was injured in the previous robberies, it had no reason to foresee that the eighth robber might shoot a customer without provocation. Defendant relies upon *Howard, supra,* and *Townsley, supra,* to support its argument that it has no duty to protect business invitees such as plaintiff from the unforeseeable danger of being shot by a robber upon walking into defendant's store.

Defendant's argument is further supported by the cases of *Emm* v. *Sheskey* (Feb. 14 1980), Franklin App. No. 79AP-632, unreported, and *Ross* v. *Nutt* (1964), 177 Ohio St. 113 [29 O.O.2d 313]. Although these two cases were concerned more with the element of proximate cause, in neither case was a duty imposed upon the defendant which would have required the defendant to exercise the power of double foreseeability. The present case also presents a question of double foreseeability since, in order to hold defendant liable under the facts of this case, a trier of facts would be required to find that defendant was required to foresee not only that its store might again be robbed, but also that the robber might shoot third persons without provocation. Although defendant has a duty to protect its business invitees from known or anticipated dangers, we agree with the trial court that defendant has no duty to warn potential customers that a robbery is in progress, because defendant did not know, and did not have reason to believe, that a robber whose demands were being complied with would suddenly decide to shoot a customer. In fact, there is evidence that defendant's personnel were instructed to cooperate fully with a robber and to offer no resistance. It could reasonably be argued that, if defendant's personnel had attempted to initiate some kind of an alarm system during the course of the robbery, other people's lives may have been jeopardized. Under the facts of this case, we conclude that defendant had no duty to warn of dangers which it could not reasonably foresee. For this reason, plaintiffs' first assignment of error is overruled.

Plaintiffs' second and fourth assignments of error relating to the trial court's refusal to allow plaintiffs to amend their complaint are related and are considered together. Under Civ. R. 15(A), after a responsive pleading is served, a party may amend its pleading only by leave of court, but leave of court shall be freely given when justice so requires. Plaintiffs' second assignment of error challenges the trial court's refusal to allow them to amend their complaint before judgment was entered. Plaintiffs' fourth assignment of error asserts that the trial court should have allowed them to amend their complaint after the judgment was entered.

The thrust of plaintiffs' argument is that trial courts should hear cases on their merits rather than dismissing them for pleading deficiencies. In making this argument, plaintiffs misconstrue the trial court's judgment. Summary judgment was entered against plaintiffs not because of a pleading deficiency which could be corrected by an amended complaint, but because, regardless of the wording of plaintiffs' complaint, defendant owed plaintiffs no duty to warn of the robbery

for the reasons outlined in our disposition of the first assignment of error. Even if the trial court did err by refusing to permit plaintiffs to amend their complaint, such error was not prejudicial, and the second and fourth assignments of error are, therefore, overruled.

Plaintiffs' brief argument in support of their third assignment of error is not persuasive. Civ. R. 60(B) provides that relief from judgment shall be obtained "as prescribed in these rules." The rules do not provide for motions for reconsideration. Furthermore, plaintiffs have not argued on appeal that their "motion for reconsideration" was actually a motion for a new trial or a motion for relief from judgment. Therefore, since their motion is a nullity (*Pitts* v. *Dept. of Transportation* [1981], 67 Ohio St. 2d 378 [21 O.O.3d 238]), plaintiffs cannot demonstrate that they were prejudiced by the trial court's decision to overrule their motion for reconsideration. Plaintiffs' third assignment of error is overruled.

In support of their fifth assignment of error, plaintiffs argue that the trial court erred in failing to rule on their last motion to amend their complaint before losing jurisdiction to the court of appeals. The judgment granting defendant's motion for summary judgment was filed on February 10, 1982. On February 24, 1982, plaintiffs filed a motion requesting the court to accept their third amended complaint. (This was actually the fourth amended complaint since plaintiffs had amended once by right before responsive pleading was filed.) Plaintiffs filed their notice of appeal with this court on March 8, and the trial court overruled plaintiffs' motion to amend on March 11, 1982. Plaintiffs' motion to amend was properly overruled for the reasons set forth in our discussion of assignments of error two and four. Furthermore, plaintiffs have not cited and we have not discovered, any authority supporting their claim that the trial court must rule on post-judgment motions within thirty days following the entry of a final judgment. The trial court's ruling, issued fifteen days after plaintiffs filed their motion to amend, was timely, particularly since the trial court had previously reviewed and ruled on two of plaintiffs' similar post-judgment motions to amend. Plaintiffs' fifth assignment of error is not well-taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and NORRIS, J., concur.