REITZ et al., Appellants,

v.

MAY COMPANY DEPARTMENT STORES et al., Appellees.

[Cite as *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 56251, 56324 and 56325.

Decided Feb. 20, 1990.

*Gallagher, Sharp, Fulton & Norman, Alan M. Petrov* and *Ernest W. Auciello, Jr.,* for appellants.

*Kreiner, Edmonds & Peters Co., L.P.A.*, and *William Hewitt*, for intervenor Blue Cross–Blue Shield.

*Reminger & Reminger* and *Roy A. Hulme*, for appellees.

---

NAHRA, Presiding Judge.

Plaintiffs, Barbara A. Reitz and her husband Leonard M. Reitz, are appealing the judgment of the trial court directing a verdict in favor of defendant, May Company Department Stores, following the opening statement of plaintiffs' attorney. Plaintiffs are challenging the directed verdict and several evidentiary rulings. For the following reasons we affirm the judgment below.

On the afternoon of June 18, 1985, after exiting May's-on-the-Heights, Mrs. Reitz was accosted and stabbed during the theft of her automobile in the May Company parking lot. She and her husband filed suit against the juvenile assailant, the assailant's parents and the May Company. Blue Cross–Blue Shield intervened seeking reimbursement of medical expenses paid on behalf of Mrs. Reitz.

Following discovery and prior to trial May Company moved *in limine* to exclude: (1) all evidence of prior criminal acts, such as auto thefts, in May Company's parking lot other than those which occurred against a person; (2) all evidence of crimes against the person occurring beyond a two- to three-year period, subsequently amended to a one-year period, prior to June 18, 1985; and (3) May Company's security manual which applied to shopping malls as opposed to a free-standing store. The trial court granted May Company's motions thereby limiting plaintiffs' evidence to violent crimes occurring within a two-year period of assault on Mrs. Reitz.

Plaintiffs' opening statement, limited by the trial court's rulings, was premised on the theory that May Company failed to exercise ordinary care to discover whether harmful acts were likely to occur in its parking lot by failing to investigate and keep records of criminal activity in its parking area and by maintaining an inadequate safety department, consisting of one unqualified individual, to protect its customers. Plaintiffs contended and would present evidence that had security been present, the crime against Mrs. Reitz would not have occurred.

Following plaintiffs' opening statement counsel proffered what would have been said in opening and proven through evidence but for the court's evidentiary rulings. The proffer included evidence of a history of criminal activity in May Company's parking area, including thirty-seven car thefts, episodes of disturbances, fights, vandalism, drug transactions, and juvenile disturbances, since 1982, evidence of a nearly identical incident occurring April 12, 1982,

expert testimony on the risk of personal injury with automobile thefts, expert testimony that security should have been altered, expert testimony of a substantial likelihood of injury to customers based upon the criminal activity in the parking area, evidence that May's-on-the-Heights was the only May Company store without outdoor security, evidence that May Company insists in mall lease agreements that security be provided, May Company's manual required safe common areas for employees and customers and the gathering and evaluating of criminal conduct or complaints, evidence of May Company's specific directive to keep accurate records for the purpose of evaluating security needs, and that May Company's expert acknowledged that juvenile activities should be considered when determining the safety of a parking lot and whether security should be enhanced.

May Company moved for a directed verdict arguing (1) it owed no duty because the assault was unforeseeable since no similar act had occurred in the parking lot within a reasonable time period and it was not located in a high crime area, and (2) proximate cause could not be established. The trial court granted May Company's motion and plaintiffs timely appealed.

## I

Appellants' first assigned error is that:

"The trial court erred in its rulings upon various motions in limine of defendant May Company. The effect of the trial court's rulings was to prevent plaintiffs from mentioning in opening statement or introducing in evidence matters of fact which demonstrate May Company's negligence."

Actionable negligence requires the showing of a duty, the breach of that duty and an injury proximately resulting therefrom. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616. Because of the special relationship between a business and its customer, a business "may be subject to liability for harm caused to such a business invitee by the conduct of third persons that endangers the safety of such invitee. * * * " *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 249 N.E.2d 804, paragraph one of the syllabus. However, a business is not an insurer of the safety of its patrons while they are on its premises. *Id.* at paragraph two of the syllabus. Thus, the duty to protect invitees from the criminal acts of third parties does not arise if the business "does not, and could not in the exercise of ordinary care, know of a danger which causes injury to [its] business invitee. * * * " *Id.* at paragraph three of the syllabus.

The existence of a duty therefore will depend upon the foreseeability of harm. *Jeffers, supra,* 43 Ohio St.3d at 142–143, 539 N.E.2d at 617; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d

707. Whether such a duty exists is a question of law for the court to decide on a case-by-case basis. Prosser & Keeton, The Law of Torts (5 Ed.1984), Section 37; see *Menifee, supra; Taylor v. Dixon* (1982), 8 Ohio App.3d 161, 8 OBR 219, 456 N.E.2d 558. Thus, to hold the defendant liable here would be to hold that it was foreseeable a violent attack would take place in broad daylight in the parking lot.

█ The foreseeability of criminal acts, whether a reasonably prudent business would have anticipated that an injury was likely to occur, will depend upon the knowledge of the defendant-business. See *Howard, supra; Montgomery v. Young Men's Christian Assn.* (1987), 40 Ohio App.3d 56, 531 N.E.2d 731; *Taylor, supra; Townsley v. Cincinnati Gardens, Inc.* (1974), 39 Ohio App.2d 5, 68 O.O.2d 72, 314 N.E.2d 409. Appellants argue that the totality of the circumstances should be considered when determining a defendant's knowledge. This would include the evidence of prior nonviolent crimes the trial court excluded. Appellee argues that evidence of defendant's knowledge should be limited to prior similar incidents, *i.e.,* other violent crimes against the person.

Ohio has no definitive authority directly addressing this issue. In *Howard, supra,* where plaintiff was injured in a fight between others at a teenage dance, the Supreme Court of Ohio affirmed judgment for defendant and noted there was *"no evidence either of any such conduct at any teen-age dance in or near where this dance was conducted, or of anything which might have put defendants on notice as to the possibility of such a fight."* (Emphasis added.) *Id.,* 19 Ohio St.2d at 48, 48 O.O.2d at 56, 249 N.E.2d at 807. Although this language would appear to permit the broad admission of evidence to establish a defendant's knowledge, various interpretations have flowed from this language, including courts' focusing solely on prior similar acts when discussing foreseeability. See, *e.g., Montgomery v. Young Men's Christian Assn., supra; Taylor v. Dixon, supra; Townsley v. Cincinnati Gardens, Inc., supra.* Other courts, however, have referenced more of the total picture or criminal activity in general. See, *e.g., Meyers v. Ramada Inn* (1984), 14 Ohio App.3d 311, 14 OBR 377, 471 N.E.2d 176 (special circumstances, such as previous assaults, high crime area); *Daily v. K–Mart Corp.* (1981), 9 Ohio Misc.2d 1, 9 OBR 105, 458 N.E.2d 471 (occurrence of prior criminal incidents). We are now squarely faced with the issue of what evidence is relevant to establishing foreseeability for the purpose of determining whether a business owes a duty toward its patrons for the criminal acts of third parties.

█ Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence." Evid.R. 401. Under this broad test, evidence of other criminal activity at or near the location of the business would certainly be probative of whether additional criminal activity might occur. We believe the "totality of the circumstances" to be a better indicator to establish knowledge of a defendant than focusing in on any particular criminal occurrences. Accord *Morgan v. Bucks Assoc.* (E.D.Pa.1977), 428 F.Supp. 546; *Isaacs v. Huntington Memorial Hosp.* (1985), 38 Cal.3d 112, 211 Cal.Rptr. 356, 695 P.2d 653; *Garner v. McGinty* (Tex.Ct.App.1989), 771 S.W.2d 242; see, generally, Annotation, Parking Facility Proprietor's Liability for Criminal Attack on Patron (1986), 49 A.L.R.4th 1257; Annotation, Liability of Owner or Operator of Shopping Center, or Business Housed Therein, for Injury to Patron on Premises from Criminal Attack by Third Party (1979), 93 A.L.R.3d 999. Of course, even relevant evidence is subject to exclusion if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay or repetitiveness. Evid.R. 403.

Comment *f* to Section 344 of the Restatement of the Law 2d, Torts (1965), relied upon in part by the Supreme Court of Ohio in *Howard*, provides:

"Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

By adopting the "totality of the circumstances" standard, the first victim is not necessarily precluded from establishing foreseeability and the finite distinctions between how similar prior incidents must be is avoided.

In addition to the totality of the circumstances presented, a court must be mindful of two other factors when evaluating whether a duty is owed in cases such as this one. The first is that a business is not an absolute insurer of the safety of its customers. The second is that criminal behavior of third persons is not predictable to any particular degree of certainty. It would be unreasonable, therefore, to hold a party liable for acts that are for the most part unforeseeable. Thus, the totality of the circumstances must be some-

what overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others.

None of the evidence excluded in this case, if permitted, would have been sufficient as a matter of law to give May Company reason to know that a stabbing or other assault in broad daylight was likely to occur and, therefore, to give rise to a duty of reasonable care to protect plaintiff. Car thefts were fairly infrequent, less than one per month, considering (1) the lot was unguarded, (2) the lot was large, and (3) the lot/store was open nearly three hundred sixty-five days a year and they did not involve personal injury. May Company was not located in a high crime area, and although there were some juvenile disturbances and other nonviolent incidents, there was only one prior similar incident which occurred over three years before the crime to Mrs. Reitz. We do not believe these circumstances were sufficient as a matter of law to establish the requisite foreseeability to create a duty in May Company to furnish outdoor security which may or may not have prevented injury.

## II

Appellants' second assigned error is that:

"The trial court erred in granting the May Company's motion for a directed verdict at the close of plaintiffs' opening statement. The opening statement expressed all necessary elements of the plaintiffs' cause of action."

In light of our disposition of appellants' first assigned error, this assignment of error is likewise overruled. Whether May Company kept records to evaluate its outdoor security needs is immaterial since under the circumstances May Company was under no duty to provide outdoor security.

## III

Appellants' last assigned error is that:

"The trial court erred in ruling that evidence of collateral benefits from Blue Cross and the Crime Victim Fund could be admitted into evidence."

Appellants contend the court erred in granting a motion *in limine* to admit evidence of plaintiffs' receipt of payments from Blue Cross and a reparation award under the Victims of Crime Act (R.C. 2743.51 *et seq.*). The court's ruling, however, was only tentative with respect to this evidence and never ripened in light of the court's directing a verdict for appellee at the close of plaintiffs' opening statement. The evidence complained of was never offered and thus unobjected to at trial. Error, therefore, may not be predicated on the trial court's granting of the motion *in limine* since a final ruling at the proper time at trial was never made by the court. See *State v. Grubb* (1986),

28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142; *Mizanin v. Trailer Mart* (Jan. 7, 1988), Cuyahoga App. No. 52660, unreported, 1988 WL 1568. Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN F. CORRIGAN and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.