JOURNAL ENTRY AND OPINION
This case is before the court on appeal from a decision of the common pleas court granting summary judgment in favor of appellee, Brentwood Golf Club, Inc. ("Brentwood"), on the claims of appellants, the executrix of the estate of Charles Corwin and Corwin's children. In their five assignments of error, appellants assert:
 I. SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED IN FAVOR OF BRENTWOOD BECAUSE McCARTHY'S CRIMINAL ACT WAS FORESEEABLE TO BRENTWOOD.
 II. SUMMARY JUDGMENT MUST BE REVERSED AS THE PROPER STANDARDS TO BE APPLIED ARE § 344 OF THE RESTATEMENT OF THE LAW 2D, TORTS (1965), AND THE "SUBSTANTIAL RISK OF HARM" PRONOUNCED IN SIMPSON V. BIG BEAR STORES CO. (1995), 73 OHIO ST.3D 130.
 III. SUMMARY JUDGMENT WAS IMPROPERLY GRANTED SINCE BRENTWOOD NEGLIGENTLY FAILED TO ADVISE McCARTHY ON THE PROPER RULES OF GOLF.
 IV. SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED BECAUSE BRENTWOOD BREACHED ITS OWN STANDARD OF CARE BY FAILING TO EMPLOY A STARTER WHEN THE GOLF COURSE WAS BUSY ENOUGH TO REQUIRE A STARTER.
 V. SUMMARY JUDGMENT SHOULD BE REVERSED BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT AND BRENTWOOD IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
We find there are no genuine issues of material fact on the record before the trial court and Brentwood is entitled to judgment as a matter of law. Therefore, we affirm the trial court's decision.
 FACTS AND PROCEEDINGS BELOW
The appellants filed their complaint on November 24, 1997. The complaint alleged that plaintiff Charles Corwin was injured on December 2, 1994 in a dispute with another golfer, defendant George McCarthy, on defendant Brentwood's eighteen-hole public golf course. Corwin was part of a foursome that was proceeding from the ninth to the tenth hole; McCarthy and another player were beginning a round at the tenth hole. Corwin and McCarthy argued, and McCarthy struck Corwin with a golf club, injuring him.
As relevant to this appeal, count one of the complaint asserted that Brentwood was negligent in permitting McCarthy to start on the tenth hole without directions or guidance as to the proper order of play and without a starter or other person present to monitor the order of play. Count two claimed that Brentwood breached a duty to warn business invitees about an unreasonably hazardous condition created by its failure to post notices or to inform players about the orderly succession of play. Count three claimed the defendants' negligence deprived the plaintiff children of their father's society and guidance. Brentwood's answer denied the essential allegations of the complaint and asserted a number of affirmative defenses.
During the course of the proceedings before the trial court, both Corwin and McCarthy died, and their estates were substituted as parties to this action.
Brentwood moved for summary judgment, arguing that it owed no duty to protect Corwin from McCarthy's criminal act. In support of its motion, Brentwood submitted McCarthy's deposition testimony, as well as the deposition testimony of Edward Kenny, who was playing with McCarthy; Miller Boshnett, who was in Corwin's party; Jean Clark, a cashier at Brentwood; William Willis, a former starter at Brentwood; and Bernard Jalowiec, Brentwood's owner. Corwin's brief in opposition also cited the deposition testimony of McCarthy, Clark, Jalowiec, and Willis, as well as an affidavit from plaintiff's expert, Steve Bernheim, and Brentwood's answers to interrogatories. This evidence disclosed the following undisputed facts.
On December 2, 1994, Corwin and three others met at Brentwood to play eighteen holes of golf. McCarthy and Kenny met at Brentwood later that same day to play nine holes of golf. On Kenny's inquiry, the cashier in the clubhouse told McCarthy and Kenny that they could choose whether to begin their round at the first or the tenth hole. The cashier did not give them directions or rules about others playing through. There were other parties waiting at the first tee, so McCarthy and Kenny proceeded to the tenth.
As McCarthy and Kenny placed their tees, Corwin and his foursome finished the ninth hole and were "making the turn" to the tenth. The rules of golf gave the Corwin group the right-of-way over McCarthy and Kenny.[1] Corwin approached McCarthy and Kenny and told them that Corwin's group was going to play through. An altercation ensued, during which McCarthy struck Corwin with a golf club.
There was no starter on duty at Brentwood on the day of the incident. Starters are employed to maintain a smooth flow of golfers on the course. During summer months and when the course is busy, Brentwood usually employs two starters, one of whom works at the first hole and one of whom works at the tenth. Brentwood does not normally have a starter on duty on winter days because fewer golfers usually play in the winter, but it will bring in starters if the course becomes busy.
The trial court granted Brentwood's motion for summary judgment on December 4, 1998, holding that:
 Regarding [defendant] Brentwood's MSJ, the court finds there are no genuine issues of material fact and [defendant] Brentwood is entitled to judgment as a matter of law. Based on the totality of the circumstances, [plaintiff] failed to produce evidence sufficient to suggest [defendant] Brentwood owed [plaintiff] a duty. The harm was not foreseeable.
The court entered a judgment by consent against McCarthy's estate on January 11, 1999. On February 5, 1999, plaintiffs timely appealed the court's order granting summary judgment to Brentwood.
 LAW AND ANALYSIS
Each of appellants' five assignments of error contends the court erred by granting summary judgment in Brentwood's favor. This court must review the trial court's decision de novo. Bellv. Cuyahoga Community College (1998), 129 Ohio App.3d 461 (citingSmiddy v. The Wedding Party, Inc. [1987], 30 Ohio St.3d 35). Therefore, we will address all of these assignments of error simultaneously.
Summary judgment is proper where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. If the evidence is construed most strongly in favor of the non-moving party, and reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, then summary judgment should be granted. Civ.R. 56; State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511.
 * * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claims. * * * [T]he moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * * [I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
Appellants' fifth assignment of error claims genuine issues of material fact precluded judgment for Brentwood. Brentwood's motion asserted that Brentwood had no duty to protect Corwin. The existence of a duty to protect a business invitee from the criminal acts of third parties depends on the foreseeability of harm under the totality of the circumstances and is a question of law. Reitz v. May Co. (1990), 66 Ohio App.3d 188, 191-92. Appellant has not shown there was any genuine factual issue for trial concerning the foreseeability of a physical altercation among golfers over the question of who had right of way on the course.
Appellant recognizes that a business is not an absolute insurer of the safety of its customers and that criminal behavior of third parties is not predictable, so "the totality of the circumstances must be somewhat overwhelming before a business will be held to be on notice of and therefore under a duty to protect against the criminal acts of others" on its premises.Reitz, 66 Ohio App.3d at 193-94; see, also, Simpson v. Big BearStores Co. (1995), 73 Ohio St.3d 130. Appellants have presented no evidence that an assault by one golfer on another was foreseeable, so they have not shown Brentwood owed any duty to protect or to warn Corwin.
The fact that Brentwood retains starters does not demonstrate that it foresaw the potential for an assault. Brentwood's owner testified that he employed starters to ensure a smooth flow of golfers on the course, and the other witnesses' testimony supported this testimony. There was no evidence that the starters' function was to prevent fights among the patrons. Hence, plaintiff has not demonstrated that Brentwood was negligent simply because Brentwood acted against its normal policy by not using a starter on a day as busy as the one on which Corwin was injured.
Appellants argue that the supreme court in Simpson
significantly reduced the "overwhelming" standard applied inReitz. Simpson held that a property owner is not liable for injuries that occur on premises not under the owner's possession or control. There is no question here that the premises were under Brentwood's control. Therefore, Simpson has no application here.
The Simpson court reconfirmed that 2 Restatement of the Law 2d, Torts (1965), section 344,[2] provides the appropriate standard for a property owner's liability to a business invitee for injury caused by criminal acts of a third party on the owner's premises, holding that:
 A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession or control of the business owner.
This holding does not address the level of evidence necessary to establish the foreseeability of third party criminal acts. Appellants presented no evidence that there was a substantial risk of harm to golfers at Brentwood from physical assaults by other golfers, much less that Brentwood knew or should have known of that risk.
Appellants argue there is a genuine issue whether Brentwood was negligent in failing to advise McCarthy about the rules of golf. Putting aside the difficult question of how Brentwood could owe a duty to Corwin to inform another player about the rules of golf, it is clear that Corwin's injury was not proximately caused by such a failure because McCarthy knew that there was a rule that someone playing through from the ninth to the tenth hole had priority over someone starting at the tenth.
For these reasons, we find there are no genuine issues of material fact and Brentwood was entitled to judgment as a matter of law. Therefore, we affirm the trial court's decision.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J. CONCUR.
 ________________________________ PRESIDING JUDGE KENNETH A. ROCCO
[1] Though not discussed in the record, the court has observed a contravening practice by which a foursome will allow a twosome to play first, in recognition of the greater speed of a group of two (versus four) players.
[2] Section 344 provides:
 A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such purpose, for physical harm caused by the accidental, negligent, or intentional harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable case to
 (a) discover that such acts are being done or are likely to be done, or
 (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.