DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the April 15, 2002 judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of defendant-appellee B B Inc., dba Dobbers Inn.[1] For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In the early morning of February 9, 1998, plaintiff-appellant, Timothy S. Duncan, was a patron at Dobbers Inn located in Toledo, Lucas County, Ohio, when he became involved in a physical altercation with two unknown assailants. One of the assailants stabbed him in the abdomen and the hand before fleeing. The assailants were never identified.
 {¶ 3} Appellant commenced the instant action on February 9, 2000, alleging that B B was negligent in failing to maintain a safe environment/adequate security, maintaining a policy that bartenders were not to call the police when a problem arose, and failing to phone the police where adequate time existed to prevent the attack.
 {¶ 4} Appellee filed a motion for summary judgment on January 26, 2001, arguing that the bartender had no duty to protect against the stabbing because it was not a foreseeable act. Following an extension, appellant filed his memorandum in opposition on August 30, 2001. Appellant contended that R.C. 4399.18[2] provided a basis for recovery and, in addition, genuine issues existed as to whether appellee breached its common law duty to protect appellant from foreseeable harm.
 {¶ 5} In its April 15, 2002 judgment in favor of appellee, the trial court concluded that appellant could not avail himself of the statutory remedy under R.C. 4399.18 because it was never raised in appellant's complaint. The court further found that appellee breached no duty to appellant in that there was no evidence that appellee knew of a substantial risk of harm. Appellant then filed a timely notice of appeal.
 {¶ 6} Appellant raises the following assignment of error:
 {¶ 7} "The trial court committed prejudicial error by granting Defendant, B B, Inc., dba Dobbers Inn's Motion for Summary Judgment."
 {¶ 8} Appellant's sole assignment of error disputes the trial court's determination that because he failed to specifically allege that appellee's liability stemmed from R.C. 4399.18, appellant could not successfully maintain a claim for negligence per se based upon serving alcohol to intoxicated patrons. Appellant further disputes the trial court's finding that there was no evidence that appellee knew or should have known that the assailants posed a substantial risk of harm or that had the bartender called the police the attack would have been prevented.
 {¶ 9} In reviewing a grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted where there remains no issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 10} Regarding the application of R.C. 4399.18, the trial court relied on our decision in Wietrzykowski v. J-ARD Corp. (Dec. 23, 1999), 6th Dist. No. L-99-1120, where we held that R.C. 4399.01 and 4399.18
provide the sole means of recovery against liquor permit holders for the negligent acts of intoxicated patrons. In Wietrzykowski, we concluded that because the appellants consistently asserted that the assailants had been intoxicated they could not then claim that the assailants were, in fact, not intoxicated in order to present their case under a common law theory of negligence.
 {¶ 11} In the present case, appellant neither claimed entitlement to relief under R.C. 4399.01 and 4399.18 nor did he allege that the assailants were intoxicated. Thus, appellant may not avail himself of the remedy under these provisions.
 {¶ 12} Under a common law theory of negligence, appellant contends that appellee was negligent in failing to provide adequate security and in maintaining a policy not to call the police when problems arose. In support of his arguments, appellant relies on the depositions of appellant, Laurie Miller, and Patricia Dodsworth and the affidavits of Melissa Petit, Jodi Ferguson, and Barbara Leimann.
 {¶ 13} In particular, appellant contends that appellee breached its duty to exercise reasonable care in that Laurie Miller, the bartender working the night he was stabbed, was suspicious of the assailants over an hour before the incident but failed to call the police. "A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." Simpson v. Big BearStores Co. (1995), 73 Ohio St.3d 130, syllabus.
 {¶ 14} In determining the foreseeability of a criminal act, this court has ascribed to the tenant that courts are required to look at the totality of the circumstances. Warner v. Uptown-Downtown Bar (Mar. 13, 1998), 6th Dist. No. WD-97-051. In Warner, quoting Reitz v. May Co.Dept. Stores (1990), 66 Ohio App.3d 188, we set forth comment f to Section 344 of the Restatement of the Law 2d, Torts (1965), which provides:
 {¶ 15} "Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."
 {¶ 16} Further quoting Reitz, this court stated:
 {¶ 17} "`In addition to the totality of the circumstances presented, a court must be mindful of two other factors when evaluating whether a duty is owed in cases such as this one. The first is that a business is not an absolute insurer of the safety of its customers. The second is that criminal behavior of third persons is not predictable to any particular degree of certainty. It would be unreasonable, therefore, to hold a party liable for acts that are for the most part unforeseeable. Thus, the totality of the circumstances must be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others.'" Warner, supra, quoting Reitz, supra at 193-194.
 {¶ 18} As deduced from the depositions and affidavits in this case, the circumstances surrounding the incident are as follows. Appellant testified that on the night of the incident he arrived at Dobbers at approximately 1:00 to 1:15 a.m. and the two unknown assailants were already there. Appellant indicated that the assailants were being rude to the bartender and that she was concerned and requested that appellant stay until closing. Appellant indicated that the assailants were "horse playing" with each other but that they did not really cause him any alarm. Appellant explained that if he thought the individuals were going to attack him he would have left.
 {¶ 19} At approximately 2:30 a.m., the bartender called last call and then refused to serve the assailants who then became irate. According to appellant, he and the assailants had a verbal exchange which culminated in one of the individuals striking him. Appellant testified that he and the individuals began fighting and the individual who struck him got up and left. The individual came back, stabbed him twice, and they both fled.
 {¶ 20} Appellant testified that the altercation occurred very quickly and seemed "like a flash." He indicated that the dispute lasted approximately four to five minutes. When asked, appellant stated that he was not aware of anything appellee could have done differently to avoid the incident.
 {¶ 21} Laurie Miller, the bartender working the night of the stabbing, stated that Dobbers did not employ bouncers or off-duty police officers for security. Miller stated that in the four years that she had been employed at Dobbers she witnessed approximately twelve fights and had called the police during four of those fights. She stated that the fights were all fist fights and no one was stabbed or shot.
 {¶ 22} On the night in question, Miller stated that the assailants became belligerent after she refused to serve them drinks but that they did not threaten her or any of the patrons until appellant told them to leave. Miller stated that she did not ask appellant to stay until the bar closed because she was fearful of the assailants.
 {¶ 23} Miller indicated that the verbal altercation between appellant and the assailants lasted approximately three minutes and the physical altercation lasted three to five minutes. Miller stated that she did not push the security alarm that night because she was "in a panic" and, initially, did not even realize that appellant had been stabbed. She was aware, however, that a patron had called the police.
 {¶ 24} Melissa Petit, Miller's sister, was employed at Dobbers from 1981 through 1988 and, in her affidavit, stated that she had witnessed many fights, including attacks with knives. Likewise, Barbara Leimann, who worked at Dobbers from 1993 through 1998, stated in her affidavit that she witnessed many altercations.
 {¶ 25} Looking at the totality of the circumstances, it is undisputed that physical altercations had occurred at Dobbers in the past. However, Miller, a recent employee, testified that she witnessed only twelve fist fights in four years, four of which she called the police. Moreover, as to the incident in question, the assailants, other than being rude to Miller and "rowdy" had not made any threats to Miller or any other patrons which would have placed Miller on notice of a threat of violence. In fact, appellant himself stated that their actions had raised no cause for alarm. Thus, we find that appellee was not required to warn or protect appellant from the unforeseen acts of the assailants.
 {¶ 26} Appellant also contends that appellee was negligent in maintaining a policy not to call the police when problems arose. The depositions and affidavits in this case present conflicting evidence as to whether or not such a policy existed; however, because we have found that the stabbing in this case was not foreseeable, appellee's duty to call the police is not implicated. Moreover, as succinctly stated by the trial court, appellant presents no evidence as to whether a call to the police prior to the stabbing would have prevented the attack.
 {¶ 27} Appellant does cite to the affidavit of responding Toledo Police Officer Thomas Hanus, which states that he received a call at 2:30 a.m. that an individual had been stabbed at Dobbers Inn and that he arrived on the scene at 2:35 a.m. Appellant merely speculates that the fact that the officer arrived on the scene five minutes after receiving a call that someone had been stabbed necessitates that a call regarding a bar fight would have received the same priority. Further, appellant states that the physical altercation lasted only four to five minutes. Accordingly, we find that appellant's assignment of error is not well-taken.
 {¶ 28} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] The trial court's judgment also indicated that because more than one year had passed since the filing of the complaint, no action had been commenced against the fictitious defendant "John Doe."
[2] {¶ a} R.C. 4399.18 provides, in part:
{¶ b} "* * * no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage occurred on the permit holder's premises or in a parking lot under the control of the permit holder and was proximately caused by the negligence of the permit holder or an employee of the permit holder."