OPINION
{¶ 1} Plaintiff-appellant, Anna Colwell, Administratrix, appeals from a decision in the Clermont County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Hamilton County Anglers, Inc. We affirm the decision of the trial court.
 {¶ 2} Hamilton County Anglers, Inc., is a nonprofit fishing club. Appellant's decedent, Larry Colwell ("Colwell"), and Mark Albert ("Albert") were members. During 2002, Colwell engaged in an extramarital affair with Albert's wife, Jodale. Upon learning of the affair, Albert *Page 2 
threatened to fight Colwell. Thereafter, the Alberts began dissolution proceedings which were completed on January 10, 2003; however, "bad blood" remained between Albert and Colwell.
 {¶ 3} In late February 2003, the Anglers' Board of Directors learned of the dispute between Albert and Colwell. As a result, the board required Albert and Colwell to attend a meeting in March to discuss their animosity. At the meeting, Albert and Colwell stated that there were hard feelings between them, but assured the board that there would be no further difficulties. Following the meeting, the board banned Jodale Albert from the Anglers' property and demanded that Albert and Colwell promise to stay away from one another.
 {¶ 4} On August 2, 2003, Colwell was at the Anglers' property assisting two friends in construction work on a camper. Albert arrived at the Anglers around 5 p.m. Albert, sitting in the driver's seat of his van, spoke with another member for a few minutes. During the conversation, Albert received a cell phone call and the member walked towards the back of the van to give Albert privacy. Albert then exited the van, walked toward Colwell, and shot him in the back of the head. Colwell died the following day. Albert was convicted of murder and is currently serving a sentence at the Warren Correctional Institution.
 {¶ 5} On July 29, 2004, appellant, representing Colwell's estate, sued Albert and the Anglers, alleging that Albert wrongfully caused Colwell's death and that the Anglers negligently caused Colwell's injuries and death. Prior to trial, the Anglers moved for summary judgment, which was granted by the trial court. Appellant timely appeals, raising a single assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS [sic] MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} In this sole assignment of error, appellant argues the trial court erred in granting summary judgment because a genuine issue of material fact exists regarding foreseeability. *Page 3 
Appellant contends that the physical assault was foreseeable. Appellant argues the Hamilton County Anglers were warned, and expected, that a physical assault between Albert and Colwell would occur, and therefore a duty did exist.
 {¶ 8} This court conducts a de novo review of a trial court's decision on summary judgment. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v. Willis DayWarehousing Co., Inc. (1976), 54 Ohio St.2d 64, 66. In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer,90 Ohio St.3d 388, 290, 2000-Ohio-186.
 {¶ 9} In order to sustain an actionable claim for negligence, the complaining party must establish (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting therefrom.Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,680, 1998-Ohio-602. The existence of a duty is "a question of law for the court to decide on a case-by-case basis." Hickman v. Warehouse BeerSystems, Inc. (1993), 86 Ohio St.3d 271, 273.
 {¶ 10} "Generally, under Ohio law, there is no duty to prevent a third person from causing harm to another absent a special relation between the parties." Simpson v. Big Bear Stores Co., 73 Ohio St.3d 130, 133,1995-Ohio-203. A business owner and his invitee are considered a "special relationship" which may impose a duty on the business owner. Id. at 134. An owner or operator of a business premises owes its invitees a "duty of ordinary care in maintaining the premises in a reasonably safe condition" so that its patrons will not be "unnecessarily and unreasonably exposed to danger." Paschal v. Rite AidPharmacy, Inc. *Page 4 
(1985), 18 Ohio St.3d 203, 203. However, such business owner is not "an insurer of the customer's safety." Id.
 {¶ 11} The duty of a business owner or occupier to warn or protect its business invitees from the criminal acts of third parties extends only to those cases where "the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." Id. at syllabus (emphasis added). "Thus, where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor [sic]." Howard v. Rogers (1969), 19 Ohio St.2d 42, 47. In other words, the existence of a duty depends on the foreseeability of the injury.Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142.
 {¶ 12} The foreseeability of criminal acts depends upon the knowledge of the business owner, which must be determined from the totality of the circumstances. Feichtner v. Cleveland (1994), 95 Ohio App.3d 388. Only when the totality of the circumstances is "somewhat overwhelming" will a business owner be held liable for the criminal actions of a third party against business invitees. Id.; Reitz v. May Co. Dept. Stores (1990),66 Ohio App.3d 188.
 {¶ 13} In the present matter, Anglers board members became aware of the dispute between Mark Albert and Larry Colwell in late February 2003. In contemplation of a fight between the members, the board exercised ordinary care by holding the meeting to diffuse the situation and receive assurances from each member that nothing further would happen. Simply by holding a meeting, the Anglers did not voluntarily assume a duty to protect Colwell from the criminal acts of a third party; those criminal acts must still be foreseeable. See *Page 5 Maier v. Serv-All Maintenance, Inc. (1997), 124 Ohio App.3d 215.[1]
 {¶ 14} The board members testified that, following the meeting, that they did not believe Albert would injure Colwell. Following the meeting there were no further incidents, to the board's knowledge, involving Colwell and Albert for nearly five months. Additionally, Colwell and Albert had been on the Anglers' property at the same time after the meeting and honored their promise to stay away from each other. Board members further testified that they believed that much of the animosity between the men had subsided by August 2003 because Colwell was no longer dating Jodale Albert, and Mark Albert had a new girlfriend. Board members testified that they were not aware that Albert had been convicted of a felony prior to the shooting, or that Albert owned a gun.
 {¶ 15} Considering the totality of the circumstances, the board was not aware that there was a substantial risk of harm. Further, the evidence is not "somewhat overwhelming" that the board could predict that Albert would assault, and kill, Colwell. Rather, the evidence indicates that following the March meeting, the situation between Albert and Colwell had calmed. Accordingly, the criminal act in this case was not foreseeable and did not give rise to a duty on behalf of the Anglers to protect Larry Colwell from the actions of Mark Albert.
 {¶ 16} Anglers' motion for summary judgment was properly granted. Appellant's sole assignment of error is overruled.
 {¶ 17} Judgment affirmed.
BRESSLER, P.J. and WALSH, J., concur.
[1] In Maier, a series of thefts occurred at an office building. A meeting was held to discuss the theft problem. Maier, an employee, was working late at the office when she was attacked and killed. Despite the fact that a meeting was held to discuss the criminal activity at the building, the court granted summary judgment against the employee's estate because the assault was not foreseeable. Id. at 222.