OPINION
{¶ 1} Plaintiff-appellant Terry Toner appeals a decision of the Montgomery County Court of Common Pleas, General Division, which sustained the motion for summary judgment of defendant-appellee Monro Muffler Brake, Inc. filed on December 15, 2006. The trial court filed its decision and entry sustaining Monro's motion for summary judgment on May 25, 2007. *Page 2 
Toner filed a notice of appeal with this Court on June 21, 2007.
 I {¶ 2} The incident which forms the basis of this appeal occurred on April 28, 2004, when the Monro store on Salem Avenue in Dayton, Ohio, was robbed by two unknown individuals. During the robbery, Toner, who was the manager of the store, was struck in the face by one of the robbers and was injured as a result. Prior to the robbery on April 28, 2004, the same store had been robbed on two previous occasions on March 22, 2004, and April 20, 2004. Toner was also present at the store during those robberies; however, the robbers did not assault him during the course of those offenses.
 {¶ 3} In his complaint, Toner alleged that in light of the three robberies at the same store, Monro had specific knowledge of escalation of criminal conduct at the Salem Avenue store. Thus, Monro had a duty to protect its employees from further injury by taking steps to increase security at that particular store. Toner points out, however, that Monro did nothing to protect its employees until after the third robbery when Toner was assaulted. After the third robbery, Monro changed the store's hours, installed a security system, and hired security at the store.
 {¶ 4} Toner argues that Monro failed in its duty to protect its employees from a known threat and is, therefore, liable for employer intentional tort because Monro had knowledge of the dangerous condition in which it placed Toner. Specifically, Toner contends that Monro had knowledge that the Salem store was under constant threat of being robbed and had a duty to insure that its employees were safe from injury. Monro, however, ignored the threat and did not take any precautionary steps until after Toner was injured during the third robbery. The trial *Page 3 
court, however, disagreed with Toner and sustained Monro's motion for summary judgment with respect to the sole issue of its liability for an employer intentional tort.
 {¶ 5} It is from this judgment that Toner now appeals.
 II {¶ 6} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12, 467 N.E.2d 1378.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 8} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
 {¶ 9} In an action by an employee against his employer alleging an intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set *Page 4 
forth specific facts which demonstrate the existence of a genuine issue of whether the employer committed an intentional tort against his employee. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449, 448, 663 N.E.2d 639.
 III {¶ 10} Toner's sole assignment of error is as follows:
 {¶ 11} "THE TRIAL COURT ERRORED [sic] BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 12} In his sole assignment, Toner contends that the trial court erred when it sustained Monro's motion for summary judgment with respect to the sole issue of its liability for an employer intentional tort. Specifically, Toner argues that Monro failed in its duty to protect its employees from a known threat and is, therefore, liable for employer intentional tort because Monro had knowledge of the dangerous condition in which it placed Toner.
 {¶ 13} The Ohio Supreme Court has stated that the establishment of an intentional tort requires a plaintiff to offer evidence of each of the following elements:
 {¶ 14} "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe v. Jeno's, Inc.
(1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.
 {¶ 15} Thus, establishment of an intentional tort required Toner to demonstrate each of *Page 5 
the following elements:
 {¶ 16} "1. Monroe had knowledge of the existence of a dangerous process, procedure, instrumentality or condition;
 {¶ 17} "2. Monro knew that exposure to the dangerous condition would result in harm to Toner with substantial certainty; and
 {¶ 18} "3. Monro, under the circumstances, required Toner to continue to perform the dangerous task.
 {¶ 19} We analyze the lack of evidence concerning the second element of employer intentional tort in disposing of Toner's appeal, in particular, the element of "knowledge to a substantial certainty." Toner's failure to make a showing sufficient to establish the existence of this essential element necessarily renders all other facts pertaining to the claim immaterial.
 {¶ 20} The Ohio Supreme Court created the employment intentional tort as a very narrow exception to the worker's compensation system. In effect, the employee must establish facts to show that the employer's actions were so egregious that they must be treated as being outside of the employment context altogether, and thus, not completely compensable under the worker's compensation system. Brady v. Safety-Kleen Corp.
(1991), 61 Ohio St.3d 624, 576 N.E.2d 722.
 {¶ 21} Ultimately, the plaintiff must be able to demonstrate that the employer required the employee to continue working in an unusually dangerous situation and that the employer possessed actual or constructive knowledge of the situation. However, proof of the employer's negligence or recklessness is not sufficient to establish substantial certainty of injury. Hannah v. Dayton Power Light Co.
(1998), 82 Ohio St.3d 482, 484, 696 N.E.2d 1044. Establishing that *Page 6 
an employer's conduct is more than negligence or recklessness "is a difficult standard to meet." McGee v. Goodyear Atomic Corp. (1995),103 Ohio App.3d 236, 246, 659 N.E.2d 317.
 {¶ 22} With respect to distinguishing between negligence, recklessness, and intent, the Ohio Supreme Court has stated the following:
 {¶ 23} "Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and an appreciation of a risk — something short of substantial certainty — is not intent." Fyffe, 59 Ohio St.3d at 118,570 N.E.2d 1108.
 {¶ 24} "A foreseeable risk, in this context, is not one that is merely possible or probable, but rather, a highly probable risk of harm."Moore v. Ohio Valley Coal Co., Belmont App. No. 05-BE-3, 2007-Ohio-1123; citing Young v. Indus. Molded Plastics, 160 Ohio App.3d 495,827 N.E.2d 852, 2005-Ohio-1795.
 {¶ 25} Similar to the instant case, in Mitchell v. Lawson MilkCo. (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, the Ohio Supreme Court held that the trial court correctly applied the substantial certainty standard and did not allow any recovery by the plaintiff in a case where said plaintiff was injured due to the unprovoked and intentional criminal behavior of a third party.
 {¶ 26} In Mitchell, an employee was shot during an armed robbery at a convenience store. In seeking to hold the employer responsible for the shooting, the employee asserted that *Page 7 
the employer had committed an intentional tort by requiring the employee to work alone, without reasonable means of security such as alarms and cameras, and without adequate instruction in handling violent situations. The employee maintained that in light of these violent working conditions, it could be inferred that the employer knew that the injury was substantially certain to occur. The Supreme Court disagreed, finding instead that "those facts fail to establish a claim for intentional tort." Mitchell, 40 Ohio St.3d at 192, 532 N.E.2d at 756. The Supreme Court further held that:
 {¶ 27} "Even if [the employer] failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that [the employer] knew that injury to its employees was certain, or substantially certain, to result. This is so, even if we assume that the Lawson store was in a high-crime-rate area." Id.
 {¶ 28} Despite the evidence which established that three robberies had occurred at the store within a month, the trial court held no genuine issue of material fact existed as to whether Monro knew that injury to Toner was substantially certain to occur. In the two initial robberies at the store, no one was injured during the course of the robberies. It was only during the third robbery at the store that Toner was struck in the face by one of the assailants. Although Teresa Beckhorn, Monro's risk claim specialist, testified that the behavior of the robbers appeared to be "escalating" over the course of the three robberies, the criminal conduct of a third person is not predictable to any particular degree of certainty. Reitz v. May Co. Dept. Stores (1990),66 Ohio App.3d 188, 193, 583 N.E.2d 1071, 1075. While the factual circumstances present in the instant case clearly demonstrate that Toner's work situation was dangerous, Monro's knowledge and appreciation of the risk of harm its employees potentially faced is insufficient to impute *Page 8 
knowledge with substantial certainty that any physical harm would befall its employees. Thus, Toner has failed to meet his burden with respect to the second element of the standard announced by the Ohio Supreme Court in Fyffe, and the trial court did not err when it sustained Monro's motion for summary judgment.
 {¶ 29} Toner's sole assignment of error is overruled.
 IV {¶ 30} Toner's sole assignment of error having been overruled, the judgment of trial court is affirmed.
GRADY, J., and GLASSER, J., concur.
Copies mailed to:
 Hon. Dennis J. Langer *Page 1