ACCELERATED JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. Mark J. and Terri Steverding, defendants-appellants, appeal from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-364065, in which the trial court entered summary judgment in favor of State Automobile Insurance Company, plaintiff-appellee, on State Auto's complaint for declaratory judgment. The trial court determined that State Auto was not obligated to provide indemnification under insurance policy # PBP 00 761 19-01 purchased under the name of D-Cubed, Inc., the corporate identity of Joseph's Barred and Grill, for injuries sustained by Mark Steverding while he was a patron of the bar. The Steverdings assign a single error for this court's review.
For the following reasons, the Steverdings' appeal is not well taken.
On August 5, 1995, defendants-appellants Mark and Terri Steverding, along with their friend Robert Brown, went to the Old World Festival on East 185th Street in Cleveland, Ohio. The Old World Festival is an annual street fair during which the street is closed to vehicular traffic and many of the merchants located on the street remain open to pedestrian customers for the duration of the event. There are approximately fifteen bars/taverns located on East 185th Street, most of which are yearly participants in the Old World Festival.
During the course of the evening, defendants-appellants' group stopped at an establishment known as Joseph's Barred and Grill, a local tavern and an annual participant in the Old World Festival. On the date in question, Joseph's Barred and Grill provided a full service bar inside the building, as well as a beer tent and a live band in an adjacent parking lot in order to attract and accommodate additional patrons drawn in by the festival. Joseph's Barred and Grill is incorporated under the name D-Cubed, Inc. and is operated by three brothers, Anthony DiSanto, Dennis DiSanto and Robert DiSanto. A fourth brother, Fred DiSanto, is employed at the bar and was working during the 1995 festival.
On the night in question, the bar and adjacent beer tent were extremely crowded due to the high turnout at the festival. Once inside the bar, Robert Brown allegedly became embroiled in a verbal altercation with another patron. Mark Steverding, who had known Mr. Brown since their service together in the United States Navy, testified that he stepped between Mr. Brown and the other patron in an attempt to play the role of peacemaker. As a result, the verbal dispute did not escalate into a physical altercation. Nevertheless, both Mr. Steverding and Mr. Brown were asked to leave the premises by employees of the bar. Both men allegedly cooperated with the request.
However, as the group reached the parking lot, a physical altercation erupted between Robert Brown and two employees of the bar who had been escorting Mr. Brown to the exit. At the same time, Mark Steverding testified that he was knocked to the ground and kicked and punched repeatedly by an unknown assailant. Mr. Steverding maintained that he was then placed in a choke hold until he passed out. At roughly the same time, Mr. Steverding was allegedly kicked in the face by Joseph's employee Fred DiSanto. As a result of the assault, Mr. Steverding suffered a fracture to the orbital bone in his face requiring the surgical placement of a plate and screws in his cheekbone in order to facilitate healing.
Terri Steverding, who was an eyewitness to the assault, identified Fred DiSanto as her husband's assailant. Mr. DiSanto was subsequently charged with felonious assault. Ultimately, Mr. DiSanto entered a plea of guilty to the amended offense of assault, a misdemeanor of the first degree. During the plea hearing, Mr. DiSanto stated: I admit my guilt, your Honor, I am sorry this happened.[1]
On August 1, 1996, Mark and Terri Steverding filed suit in the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-312784, against the DiSanto Group, Inc., the DiSanto Companies, Joseph's Barred and Grill, Fred DiSanto, Robert DiSanto, and Tony DiSanto. An amended complaint was subsequently filed naming D-Cubed, Inc., the owner of Joseph's Barred and Grill at the time of the underlying assault, as a defendant. The Steverdings alleged that Mark Steverding's injuries were caused by Fred DiSanto, an admitted employee of D-Cubed, Inc., while Mr. DiSanto was acting within the course and scope of his employment as a bouncer and security guard at Joseph's Barred and Grill.
At the time of the incident, D-Cubed, Inc. had contracted with State Automobile Mutual Insurance Company, plaintiff-appellee, for a commercial liability policy of insurance, policy # PBP 00 761 19-01, for Joseph's Barred and Grill. After the initial civil suit had been filed by the Steverdings, State Auto filed the underlying complaint for declaratory judgment in which it maintained that, since Mr. Steverding's injuries were caused by the intentional criminal assault committed by D-Cubed employee Fred DiSanto, coverage was unavailable under the terms of the subject policy of liability insurance. At the time the declaratory judgment action was filed, the parties entered into a partial settlement agreement whereby it was agreed that the injuries to Mark Steverding arising out of the August 5, 1995, assault had a monetary value of $60,000. Therefore, the sole issue presented to the trial court was whether State Auto was required to indemnify and pay for the injuries and damages allegedly sustained by Mark Steverding at the hands of D-Cubed, Inc. employee Fred DiSanto.
State Auto filed a motion for summary judgment on March 25, 1999. The Steverdings filed their brief in opposition to summary judgment on June 30, 1999. On October 1, 1999, the trial court entered summary judgment in favor of State Auto through the following judgment entry:
 Summary judgment is granted in favor of State Auto. State Auto is not required to provide indemnification under policy # PBP 00 761 19-01 to the defendants. Costs to plaintiff. The Court further finds that there is no just cause for delay. This is a final appealable order.
On November 1, 1999, Mark and Terri Steverding, defendants-appellants, filed a timely notice of appeal from the judgment of the trial court.
Defendants-appellants' sole assignment of error states:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN APPELLANTS MET THEIR BURDEN OF PROOF ON A NEGLIGENT SECURITY CLAIM, PROXIMATELY CAUSING DAMAGES TO APPELLANTS.
Defendants-appellants argue, through their sole assignment of error, that the trial court improperly entered summary judgment in favor of State Auto, plaintiff-appellee. Specifically, defendants-appellants maintain that, under the facts of the present case, the evidence presented demonstrated that the owners of Joseph's Barred and Grill were negligent in failing to provide adequate security during the Old World Festival and their negligence resulted in the injuries to Mark Steverding. Defendants-appellants argue further that State Auto's reliance upon Fred DiSanto's misdemeanor assault conviction is misplaced. It is defendants-appellants' position that, pursuant to R.C. 2903.13, Fred DiSanto could have acted recklessly, rather than knowingly, when committing the assault upon Mark Steverding. Therefore, the misdemeanor assault conviction does not, in and of itself, conclusively establish that the assault was committed intentionally. In addition, defendant-appellants contend that Fred DiSanto's subsequent recantation of responsibility for the assault further weakens State Auto's argument that Mark Steverding's injuries were caused by an intentional act thereby falling outside of the scope of applicable liability insurance coverage.
Initially, this court notes that the standard for granting a motion for summary judgment is set forth in Civ.R. 56(C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383; Welco Industries, Inc. v. Applied Cas. (1993), 67 Ohio St.3d 344; Osborne v. Lyles (1992),63 Ohio St.3d 326.
A party seeking summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the underlying claim. Once the movant's initial burden has been discharged, the non-moving party must then produce evidence on issues for which that party bears the burden of production at trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164, 1172. The non-movant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. Shaw v. Pollack Co. (1992), 82 Ohio St.3d 656. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(C), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(E) to show that there is a genuine issue for trial. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:
 Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g., Civ.R. 56 (A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C).
Id. at 298.
The court's analysis of an appeal from a summary judgment is conducted under a de novo standard of review. See Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107; Howard v. Willis (1991), 77 Ohio App.3d 133. No deference is given to the decision under review and this court applies the same test as the trial court. Bank One of Portsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920, unreported.
In order to establish a claim for negligence, a plaintiff must establish a duty owed by the defendant and a breach of that duty which proximately results in an injury. Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616-617. In Reitz v. May Co. Dept. Stores (1990), 66 Ohio App.3d 188, 583 N.E.2d 1071,1073-1074, our court stated:
 "Thus, the duty to protect invitees from the criminal acts of third parties does not arise if the business `does not, and could not in the exercise of ordinary care, know of a danger which causes injury to [its] business invitee. * * *' Id. [Howard v. Rogers (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 715 N.E.2d 191[249 N.E.2d 804] at paragraph three of the syllabus.
 "The existence of a duty therefore will depend upon the foreseeability of harm." (Citations omitted.)
The Reitz court, in considering what evidence is relevant to establishing foreseeability, stated:
 "We believe the `totality of the circumstances' to be a better indicator to establish knowledge of a defendant than focusing in on any particular criminal occurrences."Id., 66 Ohio App.3d at 193, 583 N.E.2d at 1075.
The court went on to state that "the totality of the circumstancesmust be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others." Id.,66 Ohio App.3d at 193-194, 583 N.E.2d at 1075.
Because of the special relationship between a business and its customer, a business "may be subject to liability for harm caused to such a business invitee by the conduct of third persons that endangers the safety of such invitee. * * *" Reitz, supra, at 191,583 N.E.2d at 1074, citing Howard v. Rogers (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 249 N.E.2d 804, paragraph one of the syllabus. Thus, a business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. Howard, supra. Furthermore, the Ohio Supreme Court has held:
 "The proprietor of a business establishment wherein alcoholic beverages are dispensed for consumption upon the premises owes a duty to members of the public while they are in his place of business to exercise reasonable care to protect them from physical injury as a result of violent acts of third persons." Mason v. Roberts (1973), 33 Ohio St.2d 29, 62 O.O.2d 346, 294 N.E.2d 884, paragraph two of the syllabus.
In this case, defendants-appellants set forth a claim for negligent security based upon the alleged failure of Joseph's Barred and Grill to provide adequate security during the Old World Festival. However, a review of the record demonstrates that Mark Steverding's injuries were not the result of a lack of reasonable security measures on the night in question but rather, an intentional assault by an employee of the bar which could not be foreseen given the fact that defendants-appellants were unable to present evidence that any such act had taken place at the bar in the past nor had the employee in question acted in a similar manner beforehand. As such, defendants-appellants' negligent security claim is unsupported by the record.
Turning now to the question of insurance coverage, the commercial liability insurance policy at issue provides that it will pay those sums the insured becomes legally obligated to pay as damages due to bodily injury. The pertinent policy language states:
 b. This insurance applies to bodily injury or property damage caused by an occurrence that takes place in the coverage territory * * *.
Occurrence is defined as follows:
 12. Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
It is well established that the interpretation of an insurance contract is a question of law that is to be reviewed under a de novo standard. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684; Am. States Ins. Co. v. Guillermin (1996), 108 Ohio App.3d 547, 671 N.E.2d 317. A court is required to give undefined words used in an insurance contract their plain and obvious meaning. Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380. When a term of a contract is clear and unambiguous, a court * * * cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Santana v. Auto Owners Ins. Co. (1993), 91 Ohio App.3d 490, 494, 632 N.E.2d 1308.
Generally, acts which are intended to cause harm or inferred to be intended to cause harm, are by definition not accidental. See Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, 38,665 N.E.2d 1115; Physicians Ins. Co. v. Swanson (1991), 58 Ohio St.3d 189,569 N.E.2d 906. In common usage, the word accident may mean any of the following:
 "1. a: an unforeseen and unplanned event or circumstance b: lack of intention or necessity: CHANCE 2 A: an unfortunate event resulting esp. from carelessness or ignorance b: an unexpected and medically important bodily event esp. when injurious c: an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but for which legal relief may be sought" Merriam Webster's Collegiate Dictionary (10 Ed. 1996) 7.
Clearly, given the facts of this case, the act of violently kicking a prone individual directly in the face can be construed as intending to cause harm or, more importantly, can be inferred as intending to cause harm to that individual. See Nationwide Mut. Fire Ins. Co. v. Pendry (Dec. 11, 1998), Lucas App. No. L-98-1101, unreported; Gearing, supra. Where harm appears to be objectively certain, the subjective intent of the actor becomes irrelevant. Snell v. Katafias (Mar. 19, 1999), Montgomery App. No. 17440, unreported at 5. Therefore, the assault upon Mark Steverding cannot be considered an accident under the facts of the present case. Given the fact that the subject assault does not qualify as an accident, it cannot then be considered an occurrence as specifically defined by the terms of the policy and liability insurance coverage is not available.
In addition, contrary to defendants-appellants' contention, Fred DiSanto's subsequent denial of responsibility for the assault does not somehow lead to the conclusion that the assault was not an intentional act. In fact, defendants-appellants clearly rely upon the intentional nature of the assault in pursuing coverage under the policy of liability insurance issued to D-Cubed, Inc. Even if this court were to assume that Fred DiSanto was not the perpetrator of the assault upon Mark Steverding, it is clear from the trial court record that defendants-appellants still maintain that Mr. Steverding's injuries were caused by an act that was intended to cause harm or inferred to be intended to cause harm; i.e., a kick in the face while Mark Steverding was laying on the ground, thereby removing the assault from coverage under the subject policy of insurance.
Accordingly, the trial court did not err by entering summary judgment in favor of State Auto and determining that insurance coverage was unavailable under the policy of liability insurance issued to D-Cubed, Inc.
Defendants-appellants' sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
 ___________________________________ MICHAEL J. CORRIGAN, JUDGE
TIMOTHY E. McMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] During subsequent deposition testimony in the civil suit, Fred DiSanto denied responsibility for the assault of Mark Steverding claiming that the plea of guilty was entered only upon the advice of his attorney and to minimize any possible criminal penalty that could be imposed.