JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Anthony J. Haddad appeals the trial court's decision granting summary judgment in favor of Kan Zaman Restaurant aka Kan Zaman, Inc., et al. ("Kan Zaman"). Haddad assigns the following error for our review:
 "I. The trial court erred when it granted the motion for summary judgment against the appellant and dismissed the case with prejudice where genuine issues of material fact existed regarding whether appellees could reasonably foresee the criminal assault sustained by appellant at the restaurant operated and owned by the appellees by an unknown third party and had a duty to the appellant to protect and provide security, which are issues of material facts that has to be decided by a jury."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On October 11, 2003, Haddad, along with some friend and relatives, went to Kan Zaman Restaurant for dinner. They arrived at Kan Zaman around 8:30 p.m. and were seated at a table in the front window of the restaurant. Haddad's table ordered three hookahs or tobacco filled smoking pipes, and shared a number of flavored tobaccos.
 {¶ 4} Around 12:30 a.m. on October 12, 2004, a fight broke out in the restaurant. During the ensuing commotion, someone threw a hookah across the room, which struck Haddad in the mouth. The hookah knocked out two of Haddad's teeth, and caused lacerations to his face.
 {¶ 5} Immediately after the incident, the police arrived, took a report, and had Haddad transported to the hospital for emergency medical care. Haddad incurred *Page 4 
$2,436.60 in medical fees and expects to incur an additional $5,405 for implant replacement of the two teeth.
 {¶ 6} On January 26, 2005, Haddad filed suit against Kan Zaman, but voluntarily dismissed it on November 8, 2005. On September 14, 2006, Haddad re-filed its complaint and alleged premises liability, as well as a claim for false imprisonment. Kan Zaman denied premises liability on the basis that they could not foresee the criminal conduct of another patron. In addition, Kan Zaman asserted that Haddad's claim for false imprisonment was barred by the statute of limitations.
 {¶ 7} On October 3, 2006, Kan Zaman filed a motion for summary judgment, which Haddad opposed. On December 12, 2006, the trial court granted Kan Zaman's motion for summary judgment.
 Summary Judgment {¶ 8} In the sole assigned error, Haddad argues the trial court erred in granting summary judgment in favor of Kan Zaman. We disagree.
 {¶ 9} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is *Page 5 
appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party.[3]
 {¶ 10} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 11} In the instant case, Haddad argues Kan Zaman failed in its duty to protect its patrons, because there was evidence of previous fights and disorderly conduct occurring on its premises. We are not persuaded.
 {¶ 12} In order to sustain an actionable claim for negligence, the complaining party must establish (1) the existence of a duty, (2) a breach of that duty, and (3) an *Page 6 
injury proximately resulting therefrom.[6] The existence of a duty is a question of law for the court to decide on a case-by-case basis.[7]
 {¶ 13} An owner or operator of a business premises owes its invitees a "duty of ordinary care in maintaining the premises in a reasonably safe condition" so that its patrons will not be "unnecessarily and unreasonably exposed to danger."[8]
 {¶ 14} However, such a business owner is not "an insurer of the customer's safety."[9] Thus, an occupier of the premises for business purposes is not an insurer of the safety of his business invitees while they are on those premises.[10]
 {¶ 15} Generally, under Ohio law, there is no duty to prevent a third person from causing harm to another absent a special relation between the parties.[11] A business owner and his invitee are considered a "special relationship" which may impose a duty on the property owner.[12] *Page 7 
 {¶ 16} However, the duty of a business owner or occupier to warn or protect its business invitees from the criminal acts of third parties extends only to those cases where "the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner."[13]
Thus, where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor.[14]
In other words, the existence of a duty depends on the injury's foreseeability.[15]
 {¶ 17} In general, Ohio appellate courts have adopted one of two tests to determine whether a criminal act by a third party is foreseeable. The "prior similar acts" test "focuses on the defendant's knowledge of past similar incidents," whereas the broader "`totality of the circumstances' test considers evidence of other criminal activity at or near the location of the business."[16] *Page 8 
 {¶ 18} As Haddad correctly points out, this court adheres to the "totality of the circumstances test" in determining foreseeability of a criminal act.[17] In so doing, we recognized that the foreseeablility of criminal acts of third parties depends upon the knowledge of the business.[18] Moreover, any duty imposed is based upon the business owner's superior knowledge of a danger relative to that of his invitee.[19] Thus, courts require that the totality of the circumstances be "somewhat overwhelming" before a business owner or operator will be held to be on notice of and under a duty to protect against the criminal acts of third parties.[20]
 {¶ 19} In the case sub judice, our review of the "totality of the circumstances" reveals no evidence that Kan Zaman knew, or should have known, that a fight would erupt in the restaurant that evening, and that a patron would throw a hookah across the room hitting another patron in the face. Wael Ayyad testified in his depositions that he was a partner in the restaurant at the time of the incident and had a partner since the start of the business in 2002. Ayyad testified that he was not aware of any *Page 9 
other fights having occurred in the restaurant.[21] Accepting this testimony as true, the fact that there was no evidence of prior fights or altercations, renders the instant incident unforeseeable as a matter of law.
 {¶ 20} Nonetheless, Haddad alleges that several incidents have occurred prior to and after the subject incident. Haddad cites an August 21, 2001, involving a third party report of a male with a gun. Haddad also cites a May 18, 2004, third party report of a fight between a man and a woman. Our review of the police reports of the incidents reveals that neither reports provide any detail of the incidents, nor do they provide any information about the outcomes or resolution. Further, the record reveals that the first incident occurred before the restaurant opened in 2002, and the second occurred after the incident involving Haddad. Therefore, the two incidents Haddad are not dispositive of the instant appeal.
 {¶ 21} We conclude from the evidence before us that Kan Zaman did not owe Haddad a duty to protect him from the criminal acts of the third party patron. Consequently, there were no genuine issues of material fact. Thus, the trial court properly granted summary judgment in Kan Zaman favor. Accordingly, we overrule Haddad's sole assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed. *Page 10 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] Texler v. D.O. Summers Cleaners Shirt Laundry Co.,81 Ohio St.3d 677, 680, 1998-Ohio-602.
[7] Hickman v. Warehouse Beer Systems, Inc. (1993),86 Ohio App.3d 271, 273.
[8] Mack v. Ravenna Men's Civic Club, 11th Dist. No. 2006-P-0044 2, 007-Ohio-2431, quoting Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203.
[9] Id.; Howard v. Rogers (1969), 19 Ohio St.2d 42, at paragraph two of the syllabus.
[10] Id.
[11] Simpson v. Big Bear Stores Co., 73 Ohio St.3d 130, 133,1995-Ohio-203.
[12] Id. at 134.
[13] Id. at syllabus.
[14] Howard, 19 Ohio St.2d at 47.
[15] Cole v. Pine Ridge Apts. Co., 11th Dist. No. 2000-L-020, 2001-Ohio-8788.
[16] Mack supra. See also Williams v. Prospect Mini Mart, 11th Dist. No. 2002-L-084, 2003-Ohio-2232.
[17] Reitz v. May Co. Dept. Stores (1990), 66 Ohio App.3d 188,193-194.
[18] Id.
[19] Koch v. Lind (1997), 121 Ohio App.3d 43, 53.
[20] See generally, Collins v. Down River Specialties, Inc. (1998),128 Ohio App.3d 365, 368; Krause v. Spartan Stores, Inc.,158 Ohio App.3d 304, 310, 2004-Ohio-4365; Gillotti v. Rimedio, 11th Dist. No. 2002-T-0106, 2003-Ohio-5708;
[21] Deposition of Wael Ayyad at 9. *Page 1