[Cite as *Proctor v. Morgan*, 2012-Ohio-2066.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97404**

# RICHARD PROCTOR

PLAINTIFF-APPELLANT

vs.

# VONN MORGAN, D.B.A., BAR 21, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-728822

**BEFORE:** Jones, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 10, 2012

**ATTORNEY FOR APPELLANT**

Jules N. Koach
1525 Leader Building
526 Superior Avenue, East
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEES**

**For Vonn Morgan d.b.a. Bar 21**

Thomas S. Mazanec
John T. McLandrich
Frank H. Scialdone
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139

**For Eric Finch**

Eric T. Finch, pro se
C/O M&R Enterprises
1588 East 40th Street
Cleveland, Ohio 44103

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant, Richard Proctor, appeals the trial court's decision to grant summary judgment in favor of defendants-appellees, Vonn Morgan and Bar 21 (collectively "Bar 21" or "the bar"). We affirm.

{¶2} On June 10, 2007, Proctor was at Bar 21 in Warrensville Heights. The bar had been open for about a week. Defendant Eric Finch was also at the bar; the two men did not know each other. Proctor was waiting in line to get into the bar when a bouncer informed him that the bar was full and he could not get in. One of Proctor's former classmates saw him and asked the bouncer to let him in, which the bouncer did.

{¶3} Proctor described the bar as "crowded, but not that crowded." He was drinking a beer when a "drunk old guy" named "Don" began to kick or nudge him. Finch knew Don. He saw Don and Proctor arguing and asked Proctor why he was being disrespectful toward the older man. Finch told Don that it was time for him to go home. Proctor told Finch to mind his own business and turned away from him. According to Proctor, Finch punched him and the two men began to fight until the bouncer intervened and threw them both out of the bar. According to Finch, Proctor threw the first punch. Proctor sustained injuries to his face, including a broken nose for which he needed surgery.

{¶4} Proctor filed suit against Bar 21 and Finch. Proctor subsequently dismissed his claim against Finch and pursued his claims solely against the bar, alleging that the bar was

negligent and that negligence was a proximate cause of his injuries.

{¶5} Bar 21 moved for summary judgment, which the trial court granted. Proctor now appeals, raising four assignments of error for our review, which are summarized as follows:[1]

> I. [The trial court erred in granting appellees' motion requesting the trial court take judicial notice of Finch's guilty plea.]
>
> II. [The trial court erred when it improperly considered Finch's deposition testimony.]
>
> III. [The trial court erred in granting summary judgment in favor of the appellees based on the appellees' legal duty towards Proctor.]
>
> IV. [The trial court erred in granting summary judgment in favor of the appellees by failing to take pertinent evidence into consideration.][2]

Standard of Review

{¶6} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 186, 2005-Ohio-4559, 833 N.E.2d 712. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 286, 2009-Ohio-2136, 912 N.E.2d 637 (8th Dist.). Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that

---

[1] See appendix for the full text of the assignments of error.

[2] For ease of discussion, we will consider the third and fourth assignments of error first.

> (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 374, 2005-Ohio-2163, 826 N.E.2d 832, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

Business Invitee

{¶7}   Under Ohio law, there generally is no duty to prevent a third person from causing harm to another absent a special relation between the parties.   *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 134, 1995-Ohio-203, 652 N.E.2d 702.   It is undisputed that Proctor was a business invitee at Bar 21.   A business owner has a duty to warn or protect its business invitees from the criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on premises that are in the owner's possession and control.   *Id.* at 135.   Thus, the existence of a duty depends on the injury's foreseeability and the foreseeability of criminal acts of third parties depends on the business owner's *superior* knowledge of a danger relative to that of his or her invitee.   *Haddad v. Kan Zaman Restaurant*, 8th Dist. No. 89255, 2007-Ohio-6808, ¶ 18; *Cole v. Pine Ridge Apts. Co.*, 11th Dist. No. 2000-L-020, 2001-Ohio-8788.

{¶8}   To determine forseeability, this court considers the totality of the circumstances.   *Haddad* at *id.*, citing *Reitz v. May Co. Dept. Stores*, 66 Ohio App.3d 188,

583 N.E.2d 1071 (8th Dist.1990). This court has held that the totality of the circumstances must be "somewhat overwhelming" before a business owner will be held to be on notice of and under a duty to protect against the criminal acts of third parties. *Haddad* at ¶ 18. Moreover, this court is reluctant to impose such a duty when there is no evidence of prior, similar occurrences. *Mosby v. Sanders*, 8th Dist. No. 92605, 2009-Ohio-6459, ¶ 13, citing *Brake v. Comfort Inn*, 11th Dist. No. 2002-A-0006, 2002-Ohio-7167.[3]

{¶9} With these principles in mind, we now turn to Proctor's assignments of error.

{¶10} In the third and fourth assignments of error, Proctor argues that the trial court erred in granting summary judgment to Bar 21.

{¶11} Proctor argues that a business that serves alcoholic beverages has a special duty of care for its customers and because a bar patron in this case averred that there was only one security person working that evening, instead of the three that were scheduled to work that evening, the bar was negligent and violated its "special" duty. But we find no requirement in Ohio law for liquor permit holders that holds them to a higher standard than other business owners, or imputes to them a special duty to protect their patrons. If anything, the legislature's adoption of R.C. 4399.18 evidences its desire to limit bar

---

[3] We note that Proctor does not allege that the bar was negligent based on its serving alcohol to Finch or that Finch was intoxicated. Such allegation would implicate R.C. 4399.18, which is the sole remedy for suits against a liquor permit holder or his or her employee as a result of the actions of an intoxicated person. *Aubin v. Metzger*, 3d Dist. No. 1-03-08, 2003-Ohio-5130; *Cummins v. Rubio*, 87 Ohio App.3d 516, 622 N.E.2d 700 (2d Dist.1993).

owners' liability.[4]

{¶12} Moreover, while Proctor argues that if there had been three security personnel working at the bar they may have been able to prevent the assault, he can point to no requirement that the bar even have security, let alone three security personnel for a bar that holds a maximum of 68 occupants. While Proctor argues that the bar was "full," as evidenced by the bouncer's initial unwillingness to let him in, he testified at deposition that the bar was "crowded, but not that crowded."

{¶13} Proctor next argues that the trial court should have taken into consideration the actions of the bouncer who tried to break up the fight. According to Proctor, the bouncer grabbed him and held his arms up, which allowed Finch to continue to assault him and throw the punch that broke his nose.

{¶14} Even assuming all the facts in Proctor's favor as we are charged to do in considering a summary judgment motion, we find no issue of material fact. Our review of the record reveals no evidence that Bar 21 knew, or should have known, that Finch presented a substantial risk of harm to the bar's invitees or that the bar had knowledge of prior violent altercations on the premises.

{¶15} Proctor argues that because the bar had been open for only a week before the assault, there was not time for the bar to develop a "history of prior violence" and this fact

---

[4] We do note, however, that the Ohio Supreme Court has found that a liquor permit holder has a duty to determine the condition of their patrons before serving them. *State v. Morello*, 169 Ohio St. 213, 216, 158 N.E.2d 525 (1959).

should absolve him of the requirement that the bar have knowledge of prior violence. But Proctor himself averred at deposition that Finch's punch "came out of nowhere," the entire fight was brief, and security quickly stepped in to pull the men apart. Proctor can point to no authority that would allow his claim to proceed on any alternative basis. Simply put, based on the facts of this case, there is no evidence that the bar had superior knowledge that Finch was a dangerous patron; therefore, the bar did not owe Proctor a duty to protect him from the criminal acts of Finch. Consequently, there were no genuine issues of material fact and the trial court properly granted summary judgment to Bar 21.

{¶16} The third and fourth assignments of error are overruled.

## Judicial Notice and Deposition Testimony

{¶17} In the first and second assignments of error, Proctor argues that the trial court erred when it improperly considered evidence in the record. First, Proctor claims that the trial court erred in taking judicial notice of the fact that Finch pleaded guilty to assault in relation to the fight.

{¶18} In one of its pretrial pleadings, the bar asked the trial court to take judicial notice of a journal entry showing that Finch had pleaded guilty to assault. The trial court granted the motion and, in the same order, granted summary judgment.

{¶19} Evid.R. 201 governs judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and

ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B).

**{¶20}** Proctor claims that the trial court should not have considered the conviction in rendering its decision on the bar's summary judgment motion because it was not proper summary judgment evidence pursuant to Civ.R. 56. Assuming arguendo that the conviction was not proper Civ.R. 56 evidence, we find no conclusive evidence that the trial court actually considered Finch's assault conviction in rendering its decision.

**{¶21}** Next, Proctor claims that the trial court improperly considered Finch's deposition testimony because the deposition was filed after the summary judgment briefs had already been filed. But Proctor also acknowledges that "the trial court may never have had possession of, or read, the deposition" because it was filed under a different case number. Essentially, Proctor is arguing that the trial court erred in considering Finch's testimony while conceding the trial court may have never considered said testimony.

**{¶22}** It is unclear from the trial court's order granting summary judgment whether it considered Finch's assault conviction or deposition testimony. Because our review is de novo, however, whether the trial court considered these items is of no consequence. We find that the record of conviction and deposition testimony are properly part of the record. We review the record de novo and having done so, find that summary judgment was properly granted to Bar 21.

**{¶23}** The first and second assignments of error are overruled.

**{¶24}** Accordingly, judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the

Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

__

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR

APPENDIX

I.   The trial court erred, to the prejudice of appellant, when on July 7, 2011, it granted a motion filed by appellees on July 1, 2011, asking the trial court to take judicial notice of a guilty plea to assault by defendant Eric Finch, attached to which was a certified copy of a journal entry filed December 4, 2007, in the case of *State v. Eric Finch*, Cuyahoga County Court of Common Pleas No. CR-07-500770 (R. 37), and then immediately proceeded to take judicial notice of said guilty plea in its order granting appellees' motion for summary judgment (R. 37).

II.   The trial court erred, to the prejudice of appellant, when it improperly considered as evidence in the summary judgment record the deposition transcript of defendant Eric Finch (R. 29) which transcript was filed by appellees on June 22, 2011, (R. 29) a month after all briefs relating to the summary judgment motion had been filed (R. 27), and then granted appellees' motion for summary judgment (R. 37).

III.   The trial court erred, to the prejudice of appellant, when it determined as a matter of law that the summary judgment record that it considered did not contain evidence of the existence of a legal duty owed by appellees to the appellant, a business invitee, and therefore granted summary judgment in favor of appellees, and against appellant, which judgment is contrary to Civil R. 56(C), and therefore contrary to law (R. 37).

IV.   The trial court erred, to the prejudice of appellant, when it failed to give consideration to evidence in the summary judgment record relating to actions taken, and not taken, by appellees subsequent to the first blow struck by defendant Eric Finch, and the duty owed by appellees toward appellant, a business invitee, and granted summary judgment in favor of appellees, and against appellant, which judgment is contrary to Civil R. 56(C), and therefore contrary to law (R. 37).