[Cite as *Brookshire v. Mayfield Boneyard, L.L.C.*, 2014-Ohio-1839.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100312**

## DAVID BROOKSHIRE, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## MAYFIELD BONEYARD, L.L.C., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-764829

**BEFORE:** Rocco, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEY FOR APPELLANTS**

Bradford D. Zelasko
The Hoyt Block Bldg., Suite 214
700 W. St. Clair Avenue
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEES**

**For Boneyard, Et Al.**

Kenneth P. Abbarno
Brian D. Sullivan
David A. Valent
Reminger Co., L.P.A.
101 West Prospect Avenue
Suite 1400
Cleveland, OH   44115

**For Scott Beskur**

Gregory Boop
815 Superior Avenue
Suite 1412
Cleveland, OH   44114

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiffs-appellants David and Nancy Brookshire appeal from the trial court order that granted summary judgment to defendants-appellees Mayfield Boneyard, L.L.C. and Liquid Living, L.L.C., the owners and operators of a bar-restaurant called "the Boneyard," on appellants' negligence claim.

{¶2} The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶3} The Brookshires present one assignment of error in which they argue that summary judgment in appellees' favor was inappropriate because the record contains evidence that demonstrates appellees owed David a duty of care to protect him from an assault by another customer. This court disagrees.

{¶4} According to the undisputed facts, during his patronage of the Boneyard on the night of October 10, 2010, appellant David Brookshire became the victim of an unprovoked attack by a man named Scott Beskur. Brookshire and Beskur were strangers to each other. Several people witnessed the attack, including Kirk Kapusta, the Boneyard's general manager, and James English, a "security person."

{¶5} In filing this action, the Brookshires claimed that appellees owed David a duty to either protect him from Beskur's attack or warn him about the possibility that another patron might assault him. Appellees eventually filed a motion for summary judgment, arguing that the attack was unforeseeable.

{¶6} After the Brookshires filed an opposition brief and appellees filed their reply, the trial court granted summary judgment to appellees on the Brookshires' claim. Although the Brookshires argue in their assignment of error that summary judgment was inappropriate, their assignment of error lacks merit.

{¶7} Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that no genuine issue of any material fact remains and the moving party is entitled to judgment as a matter of law because, even construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶8} Under Ohio law, generally, absent a special relation between the parties, no duty exists to prevent a third person from causing harm to another. *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 134, 652 N.E.2d 702 (1995). A business owner has a duty to warn or protect its business invitees from the criminal acts of third parties only when the business owner knows or should know that there is a substantial risk of harm to invitees on the premises. *Id.* at 135.

{¶9} Thus, the existence of a duty depends on the injury's foreseeability and the foreseeability of criminal acts of third parties depends on the business owner's superior knowledge of a danger relative to that of the invitee. *Proctor v. Morgan*, 8th Dist.

Cuyahoga No. 97404, 2012-Ohio-2066, ¶ 7, citing *Haddad v. Kan Zaman Restaurant*, 8th Dist. Cuyahoga No. 89255, 2007-Ohio-6808,

¶ 18.   This court considers the totality of the circumstances to determine foreseeability. *Reitz v. May Co. Dept. Stores*, 66 Ohio App.3d 188, 583 N.E.2d 1071 (8th Dist.1990). In analyzing the evidence, the totality of the circumstances must be "somewhat overwhelming" before a business owner will be held to be on notice of and under a duty to protect against the criminal acts of third parties.   *Haddad* at ¶ 18.   Moreover, this court is reluctant to impose such a duty when the record contains no evidence of prior, similar occurrences.   *Mosby v. Sanders*, 8th Dist. Cuyahoga No. 92605, 2009-Ohio-6459, ¶ 13, citing *Brake v. Comfort Inn*, 11th Dist. Ashtabula Nos. 2002-A-0006 and 2002-Ohio-7167.

{¶10} In his deposition testimony, Brookshire stated that Beskur "sucker hit me from behind." Brookshire answered affirmatively when he was asked if this "happened without any warning."   Similarly, Kapusta stated in his deposition testimony that he arrived "two seconds" after the incident occurred, and he indicated that he had not heard either any arguing or any words exchanged between the two men prior to the attack. Kapusta also described English as witnessing the attack from "10, 12 feet away," and, in Kapusta's estimation, it happened so quickly that English would have been unable to do anything to prevent it.

{¶11} The Brookshires' exhibits attached to their opposition brief included an affidavit from their attorney, Bradford D. Zelasko.   In relevant part, Zelasko averred that

his review of Mayfield Heights police reports indicated "seventy (70) other police incidents [were documented] at The Boneyard" between the time the premises opened for business and the time of the attack. Not one, however, was attached to the affidavit, and none of these incidents was further described.

{¶12} Appellees' attorney submitted an affidavit in which he averred that he also obtained the records of "all police calls made to, at, and/or near" the Boneyard, and "there was only one other reported assault that resulted in an injury inside [the premises] between January 1, 2010" and the date David had been attacked. Moreover, Kapusta indicated that, during his tenure as general manager, he had *never* previously responded to an incident in which a patron had been the victim of violence.

{¶13} Based upon the evidence presented, a criminal attack on David was not reasonably foreseeable by appellees; therefore, the Brookshires failed to establish that appellees owed David a duty to prevent or warn of such an attack. *Sullivan v. Heritage Lounge*, 10th Dist. Franklin No. 04AP-1261, 2005-Ohio-4675; *Askew v. ABC Check Cashing, Inc.*, 8th Dist. Cuyahoga No. 69906, 1996 Ohio App. LEXIS 4373 (Oct. 3, 1996). The Brookshires' assignment of error, accordingly, is overruled.

{¶14} Affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR